| 87  | 139 |
| 1180 | 182 |

## Magraw, Administrator, *versus* Irwin.

1. A non-resident cannot maintain a suit in the courts of this state against a foreign administrator who has no assets in this state.

2. M., who resided in Maryland, and was administratrix, *c. t. a.*, received assets of the estate of her testator, consisting of stocks and bonds of Pennsylvania corporations, which were subsequently awarded to her as a legatee under the will by a Maryland court. Upon the death of M., an administrator, *d. b. n.*, was appointed by a Maryland court. He did not take out any letters in Pennsylvania, but being temporarily in this state suit was brought against him by a resident of Missouri, and it was sought to charge the administrator with said stocks and bonds on the ground that they were assets left by the testator. *Held*, that in this state he was not chargeable with the assets thus administered and distributed, and the suit could not be maintained.

3. The doctrine of Swearingen *v.* Pendleton, 4 S. & R. 389, and Evans, Administratrix, *v.* Tatem, Id. 252, dissented from, and Moore *v.* Fields, 6 Wright 467, explained.

May 10th 1878.   Before Agnew, C. J., Mercur, Gordon, Paxson, Woodward and Trunkey, JJ.   Sharswood, J., absent.

Error to the Court of Common Pleas of *Lancaster county:* Of May Term 1878, No. 4.

Assumpsit by Joseph C. Irwin against Adam R. Magraw, administrator *d. b. n. c. t. a.* of Henry S. Magraw, deceased.

The facts are stated in the opinion of this court.

At the trial, the defendants submitted the following points, to which are subjoined the answers of the court, Livingston, P. J.

1. Under the law and the evidence in this case the plaintiff is not entitled to recover.

Ans. "Under the law and under the evidence, as admitted by the court, we answer this point negatively."

2. The plaintiff has not shown that letters of administration on the estate of H. S. Magraw, deceased, have been granted to the defendant in the state of Pennsylvania, nor any act of administration by him in that state, and the verdict must be for the defendant.

Ans. "Plaintiff has shown, by the testimony admitted, that letters of administration, *de bonis non*, were granted to A. R. Magraw, on the estate of H. S. Magraw, deceased, in the state of Maryland. The administrator does not plead a settlement of his accounts and payment, or distribution of the assets of the estate, nor want of assets, and as under the decisions of the Supreme Court, reported in Swearingen *v.* Pendleton, 4 S. & R. 389 and Evans, Administratrix, *v.* Tatem, 9 S. & R. 259, and in Dowdale's case, 6 Co. 46, as well as the decision of this court, in the opinion of my late associate, his Hon. Judge Hayes, filed in this case, after an experience of at least forty years as judge, 'a suit may be maintained in this state for a debt due from a decedent's estate, against an administrator who has taken out letters of administration in

[Magraw *v.* Irwin.]

another state in which the decedent died, when the administrator is found, and service can be had upon him in the state in which such suit is entered, no matter what the intent of the administrator was in going into the state in which suit is brought against him,' we feel bound to negative this point, and say, that the residence of the administrator in another state, when suit is brought against him, and service of the process is had upon him in this state, is no bar to a recovery against him as the administrator in this action.''

The verdict was for plaintiff for $1854.26, and after judgment the defendant took this writ and assigned for error the answers to the above points.

*T. E. Franklin* and *S. H. Reynolds*, for plaintiff in error.—In England it is well settled that a foreign administrator cannot sue on his bond in her courts on a contract of his decedent : 1 Wms. Ex. 304 ; 2 Id. 1414 ; Story's Conflict of Laws, sect. 574. By the Act of 1705, 1 Sm. Laws 33, foreign letters of administration when produced here would enable administrators to bring actions in our courts, and although said act did not provide for their liability to be sued, such suits were recognised in Swearingen *v.* Pendleton, 4 S. & R. 389, and in Evans, Administratrix, *v.* Tatem, 9 Id. 252 ; but in Brodie *v.* Bickley, 2 Rawle 437, and Mothland *v.* Wireman, 3 P. & W. 187, the authority to do so was questioned. By the Act of March 15th 1832, Pamph. L. 136, however, the whole policy was changed, and the right to sue by a foreign administrator was taken away : Sayre *v.* Helme, 11 P. F. Smith 299.

As a foreign administrator cannot maintain an action in our courts, can it be successfully argued that he is bound to defend one brought here by a foreign creditor, by a writ served here on him while a resident of Maryland, on a transient visit to Pennsylvania ? To assert this would be to attribute to our law a change from unexampled comity to a most extreme want of comity, which could have no avail, as the courts of Maryland or of any other state would unquestionably repudiate the binding character of a judgment obtained in a court of Pennsylvania under these circumstances.

*Amos Slaymaker* and *H. M. North*, for defendant in error.— The general rule that an executor or administrator appointed in one state is not liable to be sued in his official capacity in another state, has never been accepted in Pennsylvania : Swearingen *v.* Pendleton, 4 S. & R. 392 ; Evans *v.* Tatem, 9 Id. 252 ; Bryan *v.* McGee, 2 Wash. C. C. Rep. 337. A foreign administrator may sue in Pennsylvania since the Act of 1832 : Moore *v.* Fields, 6 Wright 467. It is true that by the Act of 15th March 1832, sect. 6, it is provided that "no letters testamentary, or of administration, or otherwise purporting to authorize any person to intermeddle with the estate of a decedent, which may be granted out of this Common-

[Magraw *v.* Irwin.]

wealth, shall confer upon such person any of the powers and authorities possessed by an executor or administrator under letters granted within this state. But now by a series of subsequent acts, the powers of executors and administrators under letters issued in other states, with regard to assets in this state, of the character of those specified in the inventory of the estate of H. S. Magraw, deceased, are put upon the precise footing of those powers, as exercised under the Act of 1705 : Act of 14th April 1835, sect. 3; Act of 16th June 1836, sect. 3; Act of 12th March 1842, sect. 5; Act of 15th May 1850, sect. 8; Act of 8th April 1872, sect. 1. But even if the general rule prevails here still, an executor or administrator who has assets in this state is liable to be sued in the courts of the state by any creditor here; Story's Conflict of Laws, sect. 514; Wms. on Ex. 1641; Mothland *v.* Wireman, *supra ;* Dent's Appeal, 10 Harris 514; Parker's Appeal, 11 P. F. Smith 478; Gulick *v.* Gulick, 33 Barb. 92; Campbell *v.* Tousey, Ex'r, 7 Cowen 64. And it is not necessary that the creditor should be a resident here : Dent's Appeal, *supra ;* Alfonso's Appeal, 20 P. F. Smith 347; Morgan *v.* Neville, 24 Id. 52; Paine *v.* Lester, 44 Conn. 196; 17 Am. L. Reg. 132.

Mr. Justice MERCUR delivered the opinion of the court, June 10th 1878.

The contention in this case is one of jurisdiction. The facts necessary to understand the case are these : Henry S. Magraw, a resident of Cecil county, Maryland, died testate in February 1867. By his will he devised and bequeathed his entire estate to his wife Emily, and appointed his brother Robert his executor. The latter died before the death of the testator. The will was duly proved and letters of administration, with the will annexed, were granted to his widow Emily by the Orphans' Court of Cecil county, on the 16th of March 1867. She afterwards filed an inventory and appraisement of the goods and chattels of the decedent. It was examined and passed; and the court ordered that she take the same at the appraisement. A portion of the assets contained in the inventory were certain bonds and stocks of divers corporations incorporated under the laws of the state of Pennsylvania, and having their *situs* therein. In March 1870 Emily died, and letters of administration *de bonis non cum testamento annexo,* were granted by the Orphans' Court of Cecil county to the plaintiff in error, then, and now, a resident of that county. He did not take out any letters of administration in Pennsylvania, but being temporarily here, this suit was commenced against him as administrator of Henry S. Magraw, by the defendant in error, a resident of the state of Missouri. Thus it appears both parties were non-residents of this state. The plaintiff in error plead specially that he "is and was, before and at the time of the commencement of this

[Magraw *v.* Irwin.]

suit, a resident of the state of Maryland, and that he has not, at any time, assumed possession or control, or administered or disposed of any goods or chattels, rights or credits which were of the said Henry S. Magraw, deceased, in the state of Pennsylvania, and that he has not at any time had or received authority so to do."

On the trial of the cause no evidence was given to contradict the averments in his plea other than the inventory filed by the preceding administratrix. The only assets belonging to the estate of Henry S. Magraw, that were proved to have come into his hands, were the proceeds of a judgment collected in California. It was not shown that any assets, belonging to said estate, had been in the state of Pennsylvania after the appointment of the plaintiff in error as administrator. He, therefore, had not exercised authority over any within this state, nor had he removed any therefrom.

The general doctrine of the common law now recognised both in England and in America, is that no suit can be brought or maintained by any executor or administrator, or against any executor or administrator, in his official capacity, in the courts of any other country than that from which he derives his authority to act in virtue of the probate and letters of administration there granted to him. Story's Conflict of Laws., sect. 513. Hence it is said in sect. 514, of the same, "it is exceedingly clear that the probate grant of letters testamentary or of letters of administration in one country, give authority to collect the assets of the testator or intestate in that country only, and do not extend to the collection of assets in foreign countries; for that would be to assume an extra-territorial jurisdiction or authority, and to usurp the functions of the foreign local tribunals in those matters." It must be conceded that this doctrine is in conflict with Swearingen *v.* Pendleton, 4 S. & R. 389, and Evans, Administratrix, *v.* Tatem, 9 Id. 252. The former decided in 1828, the latter in 1823. In Brodie *v.* Bickley, 2 Rawle 431, Mr. Chief Justice GIBSON was constrained to characterize the authority of an administrator, under letters granted in a sister state, to meddle with the assets here, as an anomaly produced by an unexampled spirit of comity in the courts of this state, which would probably be attended with perplexity and confusion. This was followed by Mothland *v.* Wireman, 3 P. & W. 185, decided in 1831, in which it was held that an administrator was not chargeable with assets of the intestate in another state of which he may have obtained possession; and that administration conferred on the administrator rights, and created liabilities co-extensive only, with the jurisdiction which conferred it. In order to give legislative sanction to this view, the sixth section of the Act of 15th March 1832, declared "no letters testamentary or of administration or otherwise, purporting to authorize any persons to intermeddle with the estates of a decedent, which may be granted out of this Commonwealth, shall confer upon such person, any of

[Magraw v. Irwin.]

the powers and authorities possessed by an executor or administrator, under the letters granted within this state." It was however declared by the 3d section of the Act of 16th June 1836, Purd. Dig. 420 pl. 80, that this prohibition should not apply to shares of stock in any incorporated company within this Commonwealth; and by the 8th section of the Act of May 15th 1850, Purd. Dig. 421, pl. 82, that it should not apply to any loan or loans of any incorporated company within the same. Hence, by virtue of the appointment of Emily Magraw as administratrix in Maryland, she had a right, under the laws of Pennsylvania, to withdraw from the latter, the stocks and bonds in question. Such withdrawal worked no injury to any of our citizens, for no one was a creditor of the estate. Nor did it deny any right or privilege to the citizen of another state, for none such was then here, holding any claim against the estate. Having put the stock and bonds in the inventory, filed in the Register's Court of Cecil county, she thereby subjected them to the jurisdiction of that court. That court then having examined and passed the same and allotted the property to her, as devisee and legatee, it was a final administration of that portion of the estate. By a regular and valid decree, those assets were taken out of her hands as administratrix, and given to her as legatee. That decree stands unappealed from and unrevoked. Its conclusive effect cannot be questioned in this collateral proceeding. It therefore follows that the succeeding administrator, the plaintiff in error, cannot be chargeable, either here or elsewhere, with the assets thus administered and distributed. He is no more chargeable therein than if the same had been paid to a creditor of the estate under a decree of the proper court, before his appointment.

It is true in Moore v. Fields, 6 Wright 467, decided in 1862, it was held that one appointed administrator in New York might, by virtue thereof, maintain an action in this state to recover assets, which his preceding administrator in the same estate had received in New York and brought into Pennsylvania. The right to recover was put on the ground that the assets had not been subject to administration in this state. Hence, in Sayre v. Helme, 11 P. F. Smith 299, it was held that executors acting under letters from another state could not maintain an action in this state. It was there said the recovery in Moore v. Fields "was sustained on its own peculiar circumstances."

The right to maintain the action in this case was urged by reason of the testator having left assets in this state. That view fails to give due effect to the disposition that had been made of them prior to the appointment of the plaintiff in error as administrator. The learned judge, therefore, erred in not affirming the points covered by the first, second and fifth assignments. This is decisive of the case.                                    Judgment reversed.