Giampalo et al. *v.* Taylor et al., Appellant.

Argued November 29, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John J. Gain,* with him *Francis Shunk Brown,* for appellant.

*Earl W. Thompson,* with him *Harry A. Demar,* for appellees.

OPINION BY MR. JUSTICE BARNES, May 25, 1939:

The question is whether a nonresident executor of a decedent who resided outside of this Commonwealth may be made a party defendant in an action pending in a court of this state, by the service upon it of a writ of scire facias by publication, where such executor has qualified and is acting under the laws of another state.

The facts upon which the question arises are as follows: On September 30, 1934, the minor plaintiff was injured by an automobile operated by the defendant, Samuel W. Taylor, who was a resident of Kent County, Delaware. The accident occurred in Philadelphia, and the present action of trespass was instituted in the court below to recover damages for the injuries so sustained. The writ of summons was served upon defendant by deputizing the sheriff of Dauphin County to make serv-

ice, in the manner provided by the Motor Vehicle Act of May 14, 1929, P. L. 1721, as amended. Shortly thereafter a general appearance was entered by attorneys on behalf of defendant.

While the suit was pending, defendant died on September 29, 1936, and subsequently the plaintiffs filed a suggestion of his death and of the appointment of the National Bank of Smyrna, Delaware, as his executor, letters testamentary having been granted by the Register of Wills of Kent County, Delaware, on November 5, 1936. Plaintiffs then caused a writ of scire facias to issue against the executor to show cause why it should not be made a party defendant in the present action, and by order of the court below, leave was given to make service of the writ by publication in a local newspaper in Smyrna, and by mailing a copy thereof to the executor by registered mail. The order was predicated upon the provisions of Section 35(h) of the Fiduciaries Act of 1917, P. L. 447, 505, (20 PS Sec. 778). Proof of publication and an affidavit of service of the copy of the writ by registered mail were duly filed.

The executor subsequently filed its petition under the Act of March 5, 1925, P. L. 23, raising preliminarily the question of jurisdiction of the court upon the ground that the provision in question of the Fiduciaries Act is in conflict with the due process clause of the Federal Constitution if it purports, in an action for a judgment *in personam,* to confer jurisdiction by publication upon a nonresident executor or administrator whose authority is derived from a state other than Pennsylvania, and whose decedent was a nonresident of this state. Plaintiffs in their answer admit the averments concerning the nonresidence of decedent and of his executor, and the latter's appointment as such in the State of Delaware. It is further admitted that plaintiffs seek to recover a judgment against the National Bank of Smyrna in its representative capacity as executor of the decedent.

The court below after argument sustained the jurisdiction and discharged the rule granted upon the petition. From the order accordingly entered the executor has taken this appeal.

Before considering the provision of the Fiduciaries Act which is here challenged, it is apparent from the decisions of appellate courts in other jurisdictions that the general rule uniformly followed is that no action to recover a judgment in personam can be maintained against an executor or administrator in his representative capacity outside the state of his appointment upon a claim against the estate of a decedent.[1] These cases proceed upon the theory that an executor owes his legal existence to the act of the sovereign state under the laws of which he was appointed, and his powers do not extend beyond the limits of that state, which reserves to itself at all times the full and exclusive authority over all the assets of the decedent within its jurisdiction.

In the Restatement, Conflict of Laws, Section 512, the reason for the rule is thus stated in Comment (a): "The administrator[2] holds the assets of the decedent which come into his possession subject to the directions of the court which appointed him, and is responsible only to that court. For a court in another state to order payment from assets of the decedent in the hands of the foreign administrator would be an improper interference with the administration by the court of the first state."

---

[1] See *Brown v. Fletcher's Estate,* 210 U. S. 82; *Burrowes v. Goodman,* 50 Fed. (2d) 92; *Brooks v. Yarbrough,* 37 Fed. (2d) 527; *Thorburn v. Gates,* 225 Fed. 613; *Becker v. Bird,* 255 Ill. App. 51; *DeVeer v. Pierson,* 222 Mass. 167; *Helme v. Buckelew,* 229 (N. Y.) 363; *McMaster v. Gould,* 240 N. Y. 379; 24 C. J. Section 2720, and cases cited in the footnotes; Beale, Conflict of Laws, Vol. 3, Section 512.

[2] In the Restatement, Conflict of Laws, (p. 560) it is said: "The word 'administrator' is used to include an executor, unless specifically stated otherwise."

A practical basis for the rule is found in the difficulty of enforcing a judgment rendered against an executor in a foreign state. Such judgment cannot be collected in the state in which it was obtained because of the absence of an estate therein out of which the judgment is to be paid; it cannot be collected in the state wherein the executor was appointed, for there no recognition or effect will be accorded the judgment because of lack of jurisdiction over the executor.

It is generally held as a logical extension of the rule, that an action pending against a nonresident defendant at the time of his death cannot be revived against a foreign executor or administrator of such decedent.[3]

In this state the general rule has not been accepted in its entirety[4] and it must be conceded that it is in conflict with the decisions of this Court in *Swearingen v. Pendleton,* 4 S. & R. 389, and in *Evans v. Tatem, Admx.,* 9 S. & R. 252. These decisions were criticized in *Magraw v. Irwin,* 87 Pa. 139. However, in *Laughlin & McManus v. Solomon,* 180 Pa. 177, the earlier cases were approved. There suit was instituted against a foreign executor of a nonresident decedent, and service was made in this state upon the executor. In an opinion by Mr. Justice MITCHELL we sustained the jurisdiction of the court, and said (p. 179) : "The general rule as stated in the text books is that an executor can only sue or be sued in his own forum: . . . But in Pennsylvania the rule cannot be stated so broadly. . . . as an executor or administrator's right to act for his decedent

---

[3] See *Stromeyer v. Aldrich,* 227 Fed. 960; *Heath v. Santa Lucia Co., S. A.,* 3 Fed. (2d) 326; *Thorburn v. Gates,* 225 Fed. 613; *In re Webb,* 11 Huns (N. Y.) 124; *Lyon v. Park,* 111 N. Y. 350; *McMaster v. Gould,* 240 N. Y. 379; *Thorburn v. First National Bank of Port Arthur,* 232 N. Y. 544; *Holmes v. Camp,* 219 N. Y. 359; *Conley v. Huntoon,* 37 R. I. 343; *Davis v. Connelly's Extrs.,* 43 Ky. 136.

[4] See Restatement, Conflict of Laws, Penna. Annotations, Sec. 512.

depends on his representative character conferred by letters testamentary, these latter cannot of course give authority beyond the jurisdiction of the officer granting them. Hence the deduction is plain that a foreign executor cannot sue in another tribunal by virtue of his foreign letters alone. *But it is quite another step to say that he cannot be sued there"; and (p. 183) : ". . . it must be taken as the rule in Pennsylvania that a foreign executor within the jurisdiction of our courts is liable to suit by a resident creditor of his decedent, and such suit will be sustained unless it trenches unduly on the jurisdiction of another court already attached, or would expose parties subject to such jurisdiction to inequitable burdens."

We have also held, apparently contrary to the weight of authority, that the voluntary appearance in a court of this state by a foreign executor or administrator in a suit brought against him in his representative capacity will confer jurisdiction: *Evans v. Tatem,* supra.[5]

In the present case, however, the foreign executor was not served within the Commonwealth as in *Laughlin & McManus v. Solomon,* supra; nor was a voluntary appearance entered as in *Evans v. Tatem,* supra. Here the appearance of the executor is de bene esse in order to raise the question of jurisdiction. In consequence it must first be determined whether the provision of the Fiduciaries Act here assailed does in fact attempt to authorize service by publication upon a foreign executor who resides outside of the Commonwealth.

The subsection in question [6] reads as follows: "Whenever the executor or administrator of a deceased plaintiff, petitioner, defendant, or respondent in any action or legal or equitable proceeding pending in any court of this Commonwealth, resides without the jurisdiction of the said court, the writ of scire facias provided by

---

[5] See *Carey v. Storms, Exrx.,* 20 D. & C. 75.

[6] Subsection 35(h) of the Fiduciaries Act of 1917, P. L. 447, 505 (20 PS Sec. 778).

the preceding clauses of this section may be served on such executor or administrator by the sheriff of the county where he is resident, if, in the opinion of the proper court, such service may be reasonably practicable; but, if otherwise, *and also where the said executor or administrator resides in some other state of the United States*,[7] such service may be made by publication in one or more public newspapers as, in the opinion of the court, will be most likely to give notice to the said executors or administrators."

There is nothing in the language of this subsection which in express terms refers to foreign executors or administrators. Section 35 of the Act deals with the survival of actions pending at the time of the decease of a party litigant, and confers upon the court the power to require by writ of scire facias the executor or administrator of such deceased litigant to become a party to such proceeding if the cause of action shall not have abated by reason of death. Subsection (h), as we have seen, provides for the service of the writ of scire facias where such executor or administrator resides without the jurisdiction of the court, in another county of the state, or resides in some other state of the United States. A review of the eleven subdivisions of Section 35 fails to disclose in any one thereof an intention that its provisions shall apply to an executor, administrator or other *fiduciary appointed outside of the Commonwealth of Pennsylvania.*

On the other hand, in Section 58 of the Act the subject of fiduciaries appointed under the laws of another state, territory or possession of the United States, or of any foreign country, is dealt with in its various phases, and there is no provision thereof called to our attention which authorizes service of process upon nonresident fiduciaries appointed in such foreign jurisdictions.

---

[7] Italics supplied.

It seems clear that it was not the intention of the legislature by any of the terms of Section 35(h) to provide for service by publication of the writ of scire facias upon a foreign fiduciary, but that its purpose is to prescribe the method of service of the writ upon an executor or administrator *appointed and qualified in the state of Pennsylvania,* who resides outside the county of the pending litigation, or who has removed from the Commonwealth and resides "in some other state of the United States." To hold otherwise would give to the subsection a meaning not justified by the language of the statute.

The construction which we place upon the subsection preserves its validity, and at the same time accords with what we conceive to be the clearly expressed legislative purpose of its enactment. It is consonant with the common law rule in regard to service of process, which has always been accepted as binding in this state, that "in an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature." See *Heaney v. Mauch Chunk Boro.,* 322 Pa. 487, 490. See also *Hughes v. Hughes,* 306 Pa. 75, 79; *Atl. Seaboard Gas Co. v. Whitten,* 315 Pa. 529, 531; *Williams v. Meredith,* 326 Pa. 570. In *Atl. Seaboard Gas Co. v. Whitten,* supra, it is aptly said (p. 535) : "The processes of the Pennsylvania courts do not run to Honolulu or to any other place beyond the confines of Pennsylvania except as its statutes have provided for their so running in actions in rem. This is not an action in rem, but one in personam."

The authority of a court cannot extend beyond the territorial limits of the state by which it was created. Any attempt on its part to enforce its decrees and judgments beyond such limits constitutes an illegitimate

assumption of power. In *Pennoyer v. Neff*, 95 U. S. 714, Mr. Justice FIELD said (p. 733) : ". . . proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction, do not constitute due process of law." These words have been quoted and approved in innumerable cases upon the subject.

Statutes are presumed to be constitutional and it is our duty to incline toward a construction favoring constitutionality, unless the invalidity of the act and the unseverability of its offending provisions inevitably appear: *Com. v. Great American Indemnity Co.*, 312 Pa. 183; *Com. v. Schuylkill Trust Co.*, 327 Pa. 127; *Suermann v. Hadley*, 327 Pa. 190.

The Court of Appeals of New York in *McMaster v. Gould*, 240 N. Y. 379, declared invalid a statute of that state which authorized the substitution of a foreign executor or administrator as a party defendant in an action pending against a nonresident defendant at the time of his death. The language of that Act may be contrasted with the subsection of the Fiduciaries Act now before us. It provided that the "executor or administrator duly appointed in such *state, territory or district of the United States or foreign country,* shall . . . be brought in and substituted in the place of the decedent and the action or proceeding shall continue." The Court said (p. 388) : ". . . the constitutional requirement of due process of law precludes the legislature from providing generally for continuing actions for judgments *in personam* against the foreign executors or administrators of deceased defendants." It is to be noted that in the New York Statute the attempt was made in express terms to assert jurisdiction over the foreign fiduciary. See also *Conley v. Huntoon*, 37 R. I. 343.

The views here expressed do not in our opinion conflict with the decision of this Court in *Brummer v. Linker*, 329 Pa. 192, as plaintiffs urge. The issue

■■■■■■■■■■

involved in that case was whether compliance had been made with the procedure required by the Act of March 5, 1925, P. L. 23, in order to challenge the jurisdiction of the court. The question whether Section 35(h) of the Fiduciaries Act applies to foreign executors and administrators was not there before us because the jurisdictional question was not properly raised.

For the reasons stated our conclusion is that the court below lacked jurisdiction over the executor, and its order discharging the rule to show cause and dismissing the petition raising the question of jurisdiction must be reversed.

The order of the court below is reversed, and the record is remitted with directions to set aside the service of the writ of scire facias.