## McElroy v. George et al.

*George W. Lucas* and *James B. Ceris*, for plaintiff.
*Reed, Ewing & Ray*, for defendants.

McCREARY, P. J., March 15, 1951.—This matter comes before the court for argument under preliminary objections raising the question of jurisdiction of the person of Juanita J. George, administratrix of the estate of Lloyd E. George, deceased, under the provisions of Pennsylvania R. C. P. 1017(*b*) 1. Defendants' motion to dismiss raises the following question:

Can service of a complaint in trespass be made upon

the out-of-State personal representative of the estate of a deceased nonresident motorist under the provisions of Pa. R. C. P. 2077(a) and 2079(a), and under the provisions of the Nonresident Motorist Act of the Commonwealth of Pennsylvania of May 14, 1929, P. L. 1721, as amended, 75 PS §1201, et seq.?

The facts upon which the preliminary objections are raised are all matters of record, set forth in plaintiff's complaint. They are as follows:

On October 20, 1949, at approximately 2:50 a. m. (Eastern Standard Time), on a sharp curve or bend on Pennsylvania State Route No. 51, located about four miles west of Darlington, Pa., in Beaver County, plaintiff, Evelyn McElroy, was a guest passenger in an automobile owned and operated by administratrix's decedent, Lloyd E. George, and this automobile came in violent contact and collision with a trailer truck owned by the other named defendants and operated by Wendall Masters, their agent, servant or employe. The complaint alleges that decedent, Lloyd E. George, was negligent in the operation of the automobile in which Evelyn McElroy was a guest passenger, and that as a result thereof minor plaintiff suffered severe injuries. The complaint further states that Juanita J. George, a resident of East Palestine, Ohio, is the administratrix of the estate of Lloyd E. George, deceased, late of the Borough of East Palestine, Ohio, the administratrix having been appointed by the Probate Court of Columbiana County, Ohio, on October 26, 1949.

The record further shows that plaintiff attempted to get service on the administratrix of the estate of Lloyd E. George under the provisions of the Pennsylvania Motor Vehicle Act of May 14, 1929, P. L. 1721, as amended, 75 PS §1201, which reads as follows:

"From and after the passage of this act, any nonresident of this Commonwealth, being the operator or

owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, or any resident of this Commonwealth, being the licensed operator or owner of any motor vehicle under the laws of this Commonwealth, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

The sheriff's return of service of the complaint, insofar as the same affects the case we are considering, is as follows:

"Served the within named defendant, Juanita J. George, Adm. of the Estate of Lloyd E. George, Deceased, by mailing October 18, 1950 a true and attested copy of the within Complaint in Trespass with endorsement thereon by registered mail according to the Rules of Civil Procedure 2077 (a) and 2079 (a). Registered letter receipt and return receipt attached and made a part hereof. . . .

"Also served the Secretary of the Commonwealth by mailing October 18, 1950 a true and attested copy of the within Complaint in Trespass by registered letter according to the Rules of Civil Procedure 2077 (a) and

2079 (a). Registered letter receipt and return receipt attached and made a part hereof.

"So answers   Ray P. McKenny, Sheriff
                L. H. Pinkerton, Deputy."

The return of the sheriff purports to show that service was made pursuant to the provisions of Pennsylvania Rules of Civil Procedure 2077(a) and 2079(a).

It is the contention of defendant administratrix that the substituted service provided for under the Nonresident Motorist Act, the rules above recited, and the Pennsylvania Rules of Civil Procedure 2077(a) and 2079(a) cannot be made upon the personal representative of the estate of a deceased nonresident motorist where the personal representative has been appointed by the proper judicial officer in a foreign State.

At the oral argument, and in their written brief, counsel for defendant administratrix call the court's attention to the Goodrich-Amram Procedural Rules and the discussion therein, particularly with reference to the applicability to personal representatives of deceased nonresidents of the substituted form of service, and counsel quoted in full the comment of Goodrich-Amram under §2077(a)11, and also the annotations of Goodrich Amram under the same section. We adopt the quote in full as the law of the case we are now considering, because we have examined most of the cases cited by Goodrich-Amram as authority for their comment and find that their comment correctly recites the law of the cases in Pennsylvania, and in other jurisdictions having a similar statute and rules:

"Section 2077 (a)-11 Applicability to Personal Representative of Deceased Non-Resident.

"The non-resident motorist may be killed or fatally injured in the accident which injures the plaintiff. May the plaintiff then invoke the Non-Resident Motorist Act to serve the personal representative of the estate of the deceased non-resident? The universal conclusion

is that he cannot. The refusal to permit the application of the statute is commonly based on the fact that the statute does not expressly provide for the service of the personal representative and that the statute cannot be extended by construction to cover such representatives. Frequently it is based upon the explanation that the agency of the state official to receive service is revoked by the death of the non-resident. This ground is unsound for the agency which is alleged to be revoked by death is a fictional agency created by mandate of the statute without regard to whether the non-resident intended to make such an appointment or knew of the existence of the statute or the consequence of his use of the state's roads. Such an involuntary agency relationship need not necessarily terminate upon the death of the 'principal' as in the case of a normal agency based on the consent of the parties. The result is proper, however, because of the principle that a local judgment against a foreign personal representative of the non-resident is not given recognition outside the state of its rendition. As long as the doctrine obtains that such a judgment has no extra-territorial validity, there is no point to deluding the plaintiff into thinking that he has an effective remedy by extending to him a means of obtaining extra-territorial service upon the personal representative.

"The plaintiff is in no better position if he succeeds in obtaining service upon the non-resident before the latter dies. Upon his death the action abates for the foreign personal representative cannot be substituted for the non-resident defendant."

## ANNOTATIONS

"Section 2077 (a)-11 Applicability to Personal Representative of Deceased Nonresident.

"Process cannot be served upon the foreign representative of a deceased nonresident motorist, through

substituted service upon the Secretary of the Common-wealth. Buttson v. Arnold, 4 FRD. 492 (Ed Pa. 1945). The Court pointed out the absence of any appellate court decision and followed Arlotta v. McCauley, 16 Dist & Co Rept 657 (1931), and Minehart v. Shaffer, 86 Pitts Leg J 317 (1938)."

See also Gimpalo v. Taylor, 335 Pa. 121.

The latest case on the subject in Pennsylvania is that of Buttson et al. v. Arnold, 4 F. R. D. 492, decided October 8, 1945, in the District Court for the Eastern District of Pennsylvania. In that case the facts were almost identical with the facts in the case we are now considering. Judge Kalodner dismissed the complaint insofar as it affected the administrator of a non-resident motorist who had, by accepting the privilege or licensure of operating his motor vehicle on a Pennsylvania highway, appointed the Secretary of the Commonwealth as his agent to accept service for him of any suit in trespass growing out of an accident in which someone was injured. In that case defendants filed a motion to dismiss the complaint on the ground that: (1) The foreign representative of the estate of a nonresident is not subject to suit in his representative capacity in Pennsylvania, and (2) the foreign representative of the deceased nonresident motorist is not amenable to service under the Pennsylvania Nonresident Motorist Act. Judge Kalodner first quoted from section 512 of the A. L. I. Restatement of the Law of Conflicts of Laws as follows:

"No action can be maintained against any administrator outside the state of his appointment upon a claim against the estate of the decedent."

He then answers the first ground for dismissal in language as follows (4 F. R. D. 493, 494):

"In Pennsylvania, however, a foreign representative of a non-resident decedent can be sued in that Commonwealth if the foreign representative is *personally*

served within the Commonwealth, Laughlin & Mc-Manus v. Solomon, 180 Pa. 177, 36 A. 704, 57 Am. St. Rep. 633, or if he enters his *voluntary appearance*, Evans v. Tatem, Adm'r., 9 Serg. & R. Pa. 252, 11 Am. Dec. 717. However, a non-resident executor of a decedent who resides outside of Pennsylvania cannot be made a party defendant to an action pending in Pennsylvania against the decedent at the time of his death by service upon executor of a writ of scire facias by publication, in accord with Section 35 (h) of the Pennsylvania Fiduciaries Act of June 7, 1917, P. L. 447, 20 P. S. §778, even though the deceased had already been served with process prior to his death under the provisions of the Pennsylvania Motor Vehicle Act, Giampalo v. Taylor, 1939, 335 Pa. 121, 6 A. 2d 499.

"The Giampalo case does not cover the second point here involved since in that case service was attempted on the non-resident executor under the Pennsylvania Fiduciaries Act and here the service was under the Motor Vehicle Act."

Judge Kalodner then discussed the second contention advanced by defendants as ground for dismissal of the complaint, and said (p. 494) :

"The precise question has not been ruled upon by the Pennsylvania Appellate Courts but two lower courts in that Commonwealth have ruled specifically on the point.

"In Arlotta v. McCauley, Administratrix, 1931, 16 Pa. Dist. & Co. R. 657, the Common Pleas Court of Cambria County held that service of process cannot be made under the Pennsylvania Motor Vehicle Act of 1929 on a non-resident administrator in an action against him as the personal representative of a non-resident driver who was killed in the accident out of which the suit arose.

"Similarly in Minehart v. Shaffer, 1938, 86 Pittsb. Leg. J. 317, the Common Pleas Court of Fayette County

held that the Pennsylvania Motor Vehicle Act makes no provision for service of a summons in trespass in an action, by a resident of Pennsylvania, against a resident of West Virginia, arising out of a collision with defendant's truck in Pennsylvania. In that case the service through the Secretary of Revenue, as defendant's agent under the Motor Vehicle Act of 1929, was set aside, defendant having died before suit was brought.

"In both Arlotta and Minehart cases the courts held that the agency created by the Motor Vehicle Act terminated with the death of the non-resident driver. Said the court in the Minehart case (86 Pittsb. Leg. J. at page 318) :

" 'Floyd Willard Shaffer, the alleged wrongdoer, a non-resident, having died before suit was brought, could the process be legally served upon his administratrix, a non-resident? We are of the opinion that it could not.

" 'Shaffer, by reason of operating his motor truck in Pennsylvania, constituted the secretary of revenue of this state his agent upon whom writs could be served in any civil suit against him in the courts of Pennsylvania arising out of any automobile accident in the state, in which his motor truck was involved. Did such agency survive him? We are of the opinion that it terminated with his death.

" 'It is a general rule of law, with one exception, however, that a power of attorney ceases to be operative upon the death of its maker. The exception arises when it is coupled with such an interest as to render such a power irrevocable. The interest, however, necessary to render such a power irrevocable, must be an interest in the subject upon which it is to operate: Yerkes' Appeal, 99 Pa. 401. There is no contention by counsel for plaintiff that such a power exists in the instant case. . . .

" 'It would seem to us that if the legislature had intended that service could be made in similar cases upon a legal representative of a deceased person, it would have so provided in the statute.'

"In view of the rulings in Arlotta v. McCauley and Minehart v. Shaffer it is clear that where a non-resident dies before suit is brought, service of process cannot be made upon his non-resident executor under the Pennsylvania Motor Vehicle Act of 1929."

Judge Kalodner grounded his conclusion on two propositions of law: (1) That Pennsylvania is in accord generally with section 512 of the A. L. I. Restatement of the Law of Conflicts of Laws, and (2) that the agency created by the Pennsylvania Nonresident Motorist Act permitting service on a nonresident motorist by serving the Secretary of the Commonwealth is terminated by the death of the motorist.

There seems to be no Pennsylvania appellate court decision on the subject, but we are satisfied that the reasoning which prompted the Supreme Court, in the case of Giampalo et al. v. Taylor, 335 Pa. 121, to void a service by publication issued by a plaintiff who had attempted to get service on the nonresident automobile tortfeasor under the provisions of section 35(*b*) of the Fiduciaries Act of 1917, P. L. 447, would prompt the Supreme Court to decide the same thing when service is attempted under the provisions of the Pennsylvania Nonresident Motorist Act of May 14, 1929, P. L. 1721, as amended.

In the Giampalo case Justice Barnes, who wrote the opinion, made reference to the case of McMaster v. Gould, 240 N. Y. 379, wherein the Court of Appeals of New York declared invalid a statute of that State which authorized the substitution of a foreign executor or administrator as a party defendant in an action pending against the nonresident defendant at the time of his death. The statute in the New York case provided

that "the executor or administrator duly appointed in such state, territory or district of the United States or foreign country, shall . . . be brought in and substituted in the place of the decedent and the action or proceeding shall continue". The Court of Appeals of New York held that the constitutional requirement of due process of law precludes the legislature from providing generally for continuing actions for judgments in personam against the foreign executors or administrators of deceased defendants. They declared the law unconstitutional.

It would have been an easy matter, had the legislature intended to include the executors or administrators or personal representatives of deceased nonresident motorists as parties on whom service may be made, to have said so in the section of the Nonresident Motorist Act making provision for service on a nonresident motorist who is alive. All the legislature would have needed to do, if it had intended to include the personal representatives of nonresident motorists or owners, would be to add after the words "against such operator or owner of such motor vehicle" in the text of the section of the Nonresident Motorist Act above set forth in full, the words "or their executors, administrators or personal representatives". They did not choose to do so, and we cannot write into the section something which the legislature did not see fit to include.

This observation was made by Judge Nelson in the case of State of Wisconsin ex rel. v. C. M. Davison, 216 Wis. 216, 256 N. W. 718. See also, complete annotation on the subject in 96 A. L. R. 594, etc.

At the argument plaintiff's counsel conceded that he was in difficulty, but insists that since it is now too late to commence a new action, his client ought not to be deprived of her right to recover damages because this court has no jurisdiction over the foreign ad-

ministrator of a nonresident decedent. He suggests that, while it is true that decedent, Lloyd E. George, has no assets in Pennsylvania on a basis of which ancillary administration might be raised, Lloyd E. George, if he were still alive, would be protected by the liability insurance policy which he carried in his lifetime to insure him against liability and personal property damage in automobile accidents. He suggests that the court give him an opportunity to raise ancillary letters of administration so that he might substitute the ancillary administrator as a party defendant. This same suggestion was made in the case of Brogan v. Macklin, in the Supreme Court of Errors of Connecticut, 126 Conn. 92. The court held that an automobile liability insurance policy is not an asset within the State. We are of the opinion that an automobile liability insurance policy taken out by Lloyd E. George in the State of Ohio to indemnify him against loss which he might sustain by reason of his negligence while operating a motor vehicle is not such an asset in the State of Pennsylvania as would entitle plaintiff to cause ancillary letters of administration to be granted on the estate of Lloyd E. George. There would be nothing which such an administrator could list in the inventory as an asset of the estate. Inasmuch as the insurance company can be pursued in any State in the Union in which it does business at the sole will of the administrator, such a policy does not constitute an asset in this State.

While we are not called upon to decide the point, we are very doubtful about the right of plaintiff to cause an ancillary administration to be raised in Pennsylvania on the estate of Lloyd E. George, such that this ancillary administrator could be served with process almost a year and a half after plaintiff's injuries, without running afoul of the statute of limitations. The statute of limitations is a bar to a claim against an

administrator, or ancillary administrator, unless the action is commenced within one year of the date of decedent's death. See Robinson v. Detroit-Pittsburgh Motor Freight et al., 12 Beaver 250.

We conclude that service of a complaint in trespass cannot be made upon an out-of-State personal representative of a deceased nonresident motorist under the provisions of the Rules of Civil Procedure 2077(a) and 2079(a), or under the provisions of the Nonresident Motorist Act of May 14, 1929, P. L. 1721, as amended, 75 PS §1201, et seq.

For the reasons stated we make the following

*Order*

Now, March 15, 1951, the above matter having come before the court on argument, it is ordered, adjudged and decreed that the preliminary objections raised by Juanita J. George, administratrix, raising the question of jurisdiction of the person, are sustained, and the complaint is dismissed as to her without prejudice to the right of plaintiff, if any she has, to raise ancillary administration on the estate of Lloyd E. George for the purpose of making service on such ancillary administrator.