## Kelsey Estate

*Morris Klewans*, for petitioner.

*James T. Smith*, for respondent.

LIPEZ, J., July 12, 1963.—Does this court have jurisdiction to compel nonresidents, served outside the State by citation, to return certain assets which were a part of a resident decedent's estate at death? The answer must be in the negative.

Petitioner is executor under the will of Clarence A. Kelsey, who died a resident of this county. Included among the assets of the estate were two paper bags, one, unmarked, containing $11,000 in cash, and the

other marked "R Jan Fitzpatrick, the boy," containing $6,000 in cash and a certain promissory note for $5,500. Three days after decedent's death, his nephew turned these bags with their contents over to the respondents in accordance with instructions he had received from decedent during his lifetime. Respondents then took them to their home in Pultney, New York. Upon discovery of these facts, petitioner demanded their return, which was refused. A petition alleging the foregoing facts was presented to this court praying for the issuance of a citation to show cause why these assets should not be returned and requesting leave to serve respondents at their place of residence by certified mail. A citation was issued and leave was granted to make such service. Respondents filed preliminary objections challenging the court's jurisdiction.

Petitioner contends that the procedure here followed is within the provisions of the Orphans' Court Act of August 10, 1951, P. L. 1163, and that we have the power to compel the respondents to turn over these assets. We think it is clear that the act gives us no such authority over persons outside the State, nor could such power constitutionally be granted by the legislature.

The Act (20 PS §2080.301(13)), inter alia, gives the Orphans' Court exclusive jurisdiction to adjudicate title to personal property alleged by the personal representative to have been in the possession of the decedent at the time of his death: Rogan Estate, 394 Pa. 137. This court, therefore, has jurisdiction of the subject matter, that is, it has the competency to hear and determine the class of actions to which petitioner's claim belongs: Witney v. Lebanon City, 369 Pa. 308. Strank v. Mercy Hospital of Johnstown, 376 Pa. 305.

To obtain jurisdiction of the person, ordinarily service of process must be made within the territorial limits of the court's authority: McGinley v. Scott, 401

Pa. 310. Section 704(2080.704) provides therefor, stating that ". . . Jurisdiction of the person shall be obtained by citation to be awarded by the court upon application of any party in interest . . . ;" and section 705 provides for service of the citation as follows: "A citation to obtain jurisdiction of a person may be served by any adult person, or by the sheriff of the county wherein the citation issued, or by deputization of the sheriff of the county where the service may be had in any county of the Commonwealth, in the same manner as a writ of summons in an action of assumpsit in the court of common pleas. . . ." Clearly these sections contemplate service within the Commonwealth; otherwise they would run afoul of the due process clause: Giampalo v. Taylor, 335 Pa. 121.

The relief requested is for an order upon respondents to turn over these assets to executor. This calls for a decree in personam (Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529), and as such must be served personally within the court's jurisdiction: Giampalo v. Taylor, supra.

Petitioner points to section 711, which provides "Notice of any proceeding in the court may be given within or outside the Commonwealth by personal service, by registered mail, by publication, or otherwise, as the court shall direct by general rule or special order. Notice may be in the form of a citation served as provided in this section." Since sections 704 and 705 cover obtaining jurisdiction of the person by citation, the section 711 provision for notice should be construed to apply to what its plain language indicates, viz., the giving of notice only. This is especially apparent when we consider the nature of a citation as compared with notice. A citation is analogous to a writ of summons in law and is the process used in probate courts to institute adversary proceedings by which jurisdiction is obtained over the parties: Conley Estate, 14 D. & C.

2d 685. Notice, on the other hand would be applicable to proceedings over which the court already has acquired jurisdiction or where the res is present within the territorial jurisdiction of the court (see 10 P. L. Encyc. Courts, §14); and especially to the numerous fiduciaries' accounts and ex parte proceedings where the court acts merely on notice to the parties in interest: Conley Estate, supra. Though section 711 provides for the use of a citation, it is in this instance merely another method of giving notice.

Nor does the fiction "mobilia sequuntur personam"[*] aid the petitioners. The fiction cannot negative the actual fact of the physical presence of personal property in a jurisdiction other than the domicile of the owner. This doctrine no longer applies to tangibles: Commonwealth v. Stewart, 338 Pa. 9; Luick v. Luick, 164 Pa. Superior Ct. 378.

We conclude, therefore, that we do not have jurisdiction either of the person of respondents or of the res involved in this proceeding.

### Order

And now, July 12, 1963, respondents' preliminary objections are sustained, and service of the citation is set aside.

---

[*] ". . . meaning moveables follow the person, is sometimes expressed as the situs of personal property is the domicile of the owner." 58 C. J. S., 837, footnote 30.