**Estate of Rucker**

C.P. of Philadelphia County, O.C. No. 1229 DE of 2013

HERRON, *J.*, Jan. 12, 2015—

## Introduction

The preliminary objections filed by the foreign[1] fiduciary of a decedent's estate being administered in Virginia raise the issue of whether this court has in personam jurisdiction over the fiduciary or over the Virginia estate to enforce the return of assets to a Pennsylvania decedent's estate. For the reasons set forth below, this court lacks in personam jurisdiction over both the foreign fiduciary and the Virginia estate. The petition for the return of assets is therefore dismissed.

## Factual Background

Doris Gunter-Rucker ("petitioner") was appointed administratrix of the estate of her deceased husband, Elwood Rucker, by the Philadelphia Register of Wills on February 25, 2013. In October 2014, she filed a petition with the Philadelphia Orphans' Court seeking a citation directed to Anthony Rucker as administrator of the Estate of Myrtle Greene to compel him to turn over assets from that estate that had been bequeathed to Elwood Rucker. According to the petition, Andrew Rucker resides in New Jersey. Decedent Myrtle Greene, who died on May 31, 2006, was a resident of Virginia. Myrtle Greene's will was admitted to probate in Virginia. At some point, Anthony Rucker filed a complaint in Virginia for aid and guidance with the Circuit Court of King and Queen County as to the interpretation of Ms. Greene's will. By order dated August 29, 2007, the Virginia court outlined its findings as to the

---

1. "Foreign" fiduciary for the purposes of this opinion refers to a fiduciary appointed by a non-Pennsylvania court, in this case, Virginia.

specific bequests under that will, concluding that Myrtle Greene made the following bequests to Elmer Rucker:

a) House and contents 9 1/4 acres of land located on Route 600, Beaulahville, Va, located in King William County, VA.

b) The remaining proceeds, if any, from the sale of the property located at 526 Powhatan Place in Washington, D.C., after the specific bequests are made as referred herein.[2]

According to Administratrix Gunter-Rucker, Anthony Rucker now refuses to turn over these assets to Elwood Rucker's estate. She notes, as well, that B. Elliott Bondurant, the Commissioner of Accounts in and for King and Queen County, Virginia, "had directed of Anthony E. Rucker that, 'a deed [be] prepared conveying the King William County real estate to Mr. (Elwood) Rucker.'"[3] She states that on February 2, 2011, Anthony Rucker sold the real property located at 526 Powhatan Place, Washington, D.C. for $197,819.71 with $297 return for escrow, which was paid to decedent Myrtle W. Greene's estate. Ms. Gunter-Rucker now seeks an order from this court pursuant to 20 Pa.C.S. §3311 requiring Andrew Rucker to turn over the proceeds from that sale after the payment of specific bequests to her, as personal representative of her deceased husband's estate. She also seeks to surcharge Anthony Rucker.

Anthony Rucker, as administrator of Myrtle Greene's

---

2. 9/24/14 Petition, Ex. B.
3. 9/24/14 Petition, ¶ 26.

estate, claims that this court lacks jurisdiction over him and Myrtle Greene's Virginia estate. He raises this issue in preliminary objections supported by a memorandum of law. Doris Gunter-Rucker filed an answer to these preliminary objections. In that answer, she admits several key facts. She concedes, for instance, that respondent Anthony Rucker resides in New Jersey. She admits that Myrtle Greene died a resident of Virginia and that her will was admitted to probate in Virginia. Finally, she admits that the proceeds she seeks came from the sale of property located in Washington D.C.[4] In support for her claim, she relies on 20 Pa.C.S. § 3311 and 20 Pa.C.S. §711, while distinguishing the cases invoked by Anthony Rucker.

## Legal Analysis

Preliminary objections that would result in the dismissal of a petition may be granted only where they are free from doubt. When presented with objections asserting lack of in personam jurisdiction, a court must consider the evidence in a light most favorable to the non-moving party. *Schiavone v. R.J. Aveta*, 41 A.3d 861, 865, 2012 Pa. Super. 68 (2012), *aff'd* 91 A.3d 1235 (Pa. 2014).

The due process clause of the fourteenth amendment limits a court's authority to exercise jurisdiction over a nonresident defendant who has no meaningful contacts with that forum. *Burger King v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). To determine whether the exercise of jurisdiction over a nonresident defendant comports with due process, it is necessary to analyze the nature and

---

4. 12/23/14 Answer, ¶¶ 1, 2c, 2d, h (i) & (ii), 2 (1).

extent of the defendant's contacts with the forum. In so doing, courts typically analyze whether those contacts satisfy the requirements of specific jurisdiction or general jurisdiction as set forth in two different Pennsylvania long-arm statutes. To maintain specific jurisdiction, a court may exercise jurisdiction over a nonresident defendant if his specific acts give rise to a cause of action where two requirements are satisfied. First, the criteria of the appropriate Pennsylvania long arm statute 42 Pa.C.S.A. § 5322 for specific jurisdiction must be satisfied. Second, "the exercise of jurisdiction must comport with constitutional principles of due process." *Schiavone v. R. J. Aveta*, 41 A.3d 861, 866 (Pa. Super. 2012). While specific jurisdiction may flow from "single or occasional" acts that are purposefully directed to the forum, general jurisdiction derives from "circumstances or a course of conduct, from which it is proper to infer an intention to benefit from and thus an intention to submit to the laws of the forum state." *Mendel v. Williams*, 53 A.3d 810, 817 (Pa. Super. 2012). In Pennsylvania, the statute authorizing general jurisdiction is 42 Pa.C.S.A. § 5301. *Id.*

Anthony Rucker asserts that this court lacks in personam jurisdiction over both him and Myrtle Greene's estate due to the lack of the requisite minimum contacts that would allow a Pennsylvania court to exercise jurisdiction. He emphasizes that he is not a Pennsylvania resident and has not performed any acts in Pennsylvania. Likewise, the Estate of Myrtle Greene is not a Pennsylvania estate and has no assets in Pennsylvania.[5] In response, petitioner

---

5. 11/26/14 Preliminary Objections, Memorandum of Law at 1.

briefly addresses general and specific jurisdiction over Anthony Rucker under the long arm statutes and the due process clause. She suggests, for instance, that this court would have in personam jurisdiction under the following provisions of 42 Pa.C.S.A. §5301:

(a) General rule. — The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:

(1) Individuals

(iii) Consent, to the extent authorized by the consent

(b) Scope of jurisdiction. — When jurisdiction over a person is based upon this section any cause of action may be asserted against him, whether or not arising from acts enumerated in this section. Discontinuance of the acts enumerated in subsection (a)(2)(i) and (iii) and (3)(i) and (iii) shall not affect jurisdiction with respect to any act, transaction or omission occurring during the period such status exists.

12/23/14 Doris Gunter-Rucker Answer at 6.

The statutory provision Ms. Gunter-Rucker cites would premise in personam jurisdiction on the consent of Anthony Rucker, but no such consent has been alleged. Instead,

petitioner suggests that Anthony Rucker is an heir to the estate of Elwood Rucker and based on this relationship to his Pennsylvania father's estate, a Pennsylvania Court could exercise in personam jurisdiction over him.[6] At best, however, this might extend jurisdiction over Anthony as a beneficiary, but the entire thrust of the petition is to obtain jurisdiction over Anthony as a nonresident administrator of the Virginia estate of Myrtle Greene. Petitioner presents no factual basis for extending in personam jurisdiction over Anthony Rucker as administrator nor over the Virginia estate of Myrtle Greene.

The petitioner's main argument for in personam jurisdiction over Anthony Rucker focuses on two PEF Code provisions: section 3311 and section 711.[7] She notes, for instance, that section 711 gives Orphans' Court mandatory jurisdiction over the administration and distribution of real and personal property from a decedent's estate. Moreover, she emphasizes that Section 3311 gives the following authority for a personal representative to take possession of estate property:

§3311. Possession of real and personal estate; exception

(a) Personal representative. —A personal representative shall have the right to and shall take possession of, maintain and administer all the real estate and personal estate of the decedent, except real estate occupied at the time of death by an heir or devisee with the consent of the decedent. He shall collect the rents

---

6. *See, e.g.* 12/23/14 Answer, Memorandum of Law at 7.
7. 12/23/14 Answer, ¶¶ 4 & 5.

and income from each asset in his possession until it is sold or distributed, and, during the administration of the estate, shall have the right to maintain any action with respect to it and shall make all reasonable expenditures necessary to preserve it. The court may direct the personal representative to take possession of, administer and maintain real estate so occupied by an heir or devisee if this is necessary to protect the rights of claimants or other parties. Nothing in this section shall affect the personal representative's power to sell real estate occupied by an heir or devisee.

20 Pa.C.S.A. §3311; *See generally* 12/23/14 Answer, Brief at 5.

While it is true that Section 3311 of the PEF code gives a fiduciary authority to gather the assets of a decedent's estate, it does not address the jurisdictional limits of that authority. These PEF code provisions petitioner invokes apply to actions brought within Pennsylvania. Ms. Gunter-Rucker cites no precedent that would allow her to exert jurisdiction over a foreign fiduciary to obtain the assets of a decedent who resided outside the state. As a general matter, the Pennsylvania Supreme Court has observed, "[w]hile the orphans' court possesses extensive powers to assist a decedent's personal representative to acquire control of property rightfully belonging to the estate, these powers may only be invoked within the restricted jurisdiction of the court, which is entirely statutory in origin." *In re McGovern's Estate*, 322 Pa. 379, 381, 186 A.89, 90 (Pa. 1936)(Orphan's Court lacks jurisdiction over the recipient of funds that were not in the possession of

decedent at death nor subsequently by his representative).

There is longstanding Pennsylvania precedent cited by neither party that addresses the specific issue of whether a Pennsylvania Orphans' Court can exert jurisdiction over a foreign fiduciary and a decedent's estate being administered in another state. The Pennsylvania Supreme Court in *Giampalo v. Taylor*, 335 Pa. 121, 6 A.2d 499 (Pa. 1939) concluded that the non-resident executor of an estate of a decedent who had resided outside of Pennsylvania could not be brought into a lawsuit pending in Pennsylvania by service of a writ of scire facias by publication on the foreign executor acting under the laws of another state. In so ruling, the *Giampalo* court focused primarily on the issue of in personam jurisdiction over a foreign fiduciary.

There were numerous reasons why the *Giampalo* court refused to assert in personam jurisdiction over this foreign fiduciary. It noted, for instance, that the majority of courts in other jurisdictions uniformly conclude that "no action to recover a judgment in personam can be maintained against an executor or administrator in his representative capacity outside the state of his appointment upon a claim against the estate of a decedent." 335 Pa. at 124, 6 A.2d at 501. This flows from the theory that "an executor owes his legal existence to the act of the sovereign state under the laws of which he was appointed, and his powers do not extend beyond the limits of that state, which reserves to itself at all times the full and exclusive authority over all the assets of the decedent within its jurisdiction." *Id.* The court likewise cited the restatement, conflict of laws, for

the proposition that "[f]or a court in another state to order payment from assets of the decedent in the hands of the foreign administrator would be an improper interference with the administration by the court of the first state."[8] There are also practical reasons for this conclusion. A judgment rendered against a foreign fiduciary, for instance, cannot be easily collected in Pennsylvania because the estate at issue is outside the Commonwealth. Similarly, it cannot be enforced in the foreign state where the Pennsylvania court lacks in personam jurisdiction over the executor. *Id.* 335 Pa. at 125, 6 A.2d at 502. In broad terms the *Giampalo* court emphasized: "The authority of a court cannot extend beyond the territorial limits of the state by which it was created. Any attempt on its part to enforce its decrees and judgments beyond such limits constitutes an illegitimate assumption of power." *Id.* 335 Pa. at 128-29, 6 A.2d at 503. *See also Freeman's Appeal*, 68 Pa. 151, 1871 WL 11031 (Pa. 1871)(Pennsylvania orphans' court lacked authority to compel the administrator of a New Jersey decedent's estate to transfer New Jersey assets to the beneficiary of the Pennsylvania ancillary estate).

There is, however, a string of Pennsylvania cases that a Pennsylvania court may exercise in personam jurisdiction over a foreign fiduciary if he or she is personally served within the state. *See, e.g. Hooks v. Dubois*, 420 Pa. 65, 67, 215 A.2d 631 (Pa. 1966)("This court has held that a foreign fiduciary (i.e. one whose letters were issued in another state) is subject to an action in our courts if he is

---

8. *Giampalo v. Taylor*, 335 Pa. at 124, 6 A.2d at 502 (quoting Restatement, Conflict of Laws, §512).

personally served with process in Pennsylvania); *Shellito v. Grimshaw*, 367 Pa. 599, 81 A.2d 544 (Pa. 1951)(Where ancillary executrix was personally served while attending a deposition in Erie County, the Erie County court had jurisdiction over her). Petitioner makes no claim, however, that Andrew Rucker was personally served in Pennsylvania.

A case directly on point is *Kelsey Estate*, 31 Pa. D & C. 2d 170 (Clinton Cty. O.C. 1963). In *Kelsey*, an executor appointed in Pennsylvania filed a petition seeking the return to his decedent's of assets that had been taken to New York by New York residents. In concluding emphatically that it lacked jurisdiction to order the return of these assets, the court explained that to order the return of the New York assets to the Pennsylvania estate "calls for a decree in personam." Since the defendants in this case resided in New York where the property was likewise located, the court had jurisdiction over neither the executor nor the res involved in the proceeding. Similarly, the Philadelphia Orphans' court has held that it lacked in personam jurisdiction to grant a petition by a personal representative appointed in Puerto Rico to compel a Philadelphia bank to return assets to the Puerto Rican estate. *Parkhurst's Estate*, 14 Pa. D & C 2d 661 (Phila. O.C. 1958). The court noted that the state where a decedent's assets were located had various interests to protect such as the claims of creditors and taxing authorities. Proceeding by petition, alone, did not provide appropriate notice.

## Conclusion

Based on this precedent and the facts set forth in the petition seeking the return of assets, the petition filed by the administrator of Elwood Rucker's estate is denied without prejudice to refile in the appropriate forum. As petitioner concedes, the respondent administrator of the Estate of Myrtle Green resides in New Jersey and the Estate of Myrtle Green is being administered in Virginia. This court therefore lacks the requisite in personam jurisdiction. The preliminary objections are hereby sustained as set forth in a contemporaneously issued decree.