Darlington v. Reilly (et al., Appellant) No. 2.

Argued November 18, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*William J. Woolston,* for appellants.

*William D. Harkins,* with him *T. Ewing Montgomery,* for appellees.

*J. Wesley McWilliams,* for substituted Trustee-receiver.

OPINION BY MR. JUSTICE JONES, January 4, 1954:

These appeals are from the same decree which we this day affirmed on appeals by others: see p. 578 ante. The present appeals must be quashed because of the appellants' flagrant violation of our rules. No printed record has been furnished; notwithstanding the appellants failed to obtain leave to proceed in forma pauperis. They have failed even to print the relevant docket entries so that, while there appear to be three appeals, it is not possible to determine from the papers

furnished us who are the appellants in the particular appeal or in what capacities they have appealed.

Fortunately for the appellants, no harm is done them by quashing their appeals. Their complaints are utterly without merit. The mismanagement and manipulation of the trust res over a period of years by the appellants, Calebaugh and Stratton, has been judicially recognized and adjudicated on several occasions during the pendency of this litigation with the end result that each of them now stands surcharged in the sum of $204,148.34 by the final decree of the court below, a matter which they do not attempt to assign for error here. In the thorough and unanswerable opinion for the court en banc, Judge ALESSANDRONI aptly characterized the situation when he said,—"Calebaugh's and Stratton's claim for compensation was categorically denied in the opinion of this court which dismissed exceptions to the [earlier] adjudication, December 22, 1948. That claim has been fully adjudicated and Calebaugh and Stratton cannot again present a claim for compensation. In that opinion, we said, 'The attempt to justify compensation to the defendants [Calebaugh and Stratton] for their activity after the creation of the trust approaches impertinence.' "

As to the remaining putative appellants, Howell's privity was with Commemoration Associates, Inc., a veritable *alter ego* of the Stratton and Calebaugh partnership, while Stricker claimed for accounting services allegedly rendered the Stratton and Calebaugh firm. Like Alleman and Farquharson in the case at p. 578 ante, neither Howell nor Strickler possesses any valid claim against the trust estate or against the substituted trustee-receiver.

The question raised by the appellants in their joint and cryptic paper book as to whether the court below

erred in appointing an auditor, we have already fully considered and disposed of in the appeals at p. 578 ante.

Appeals quashed.