Musmanno, Appellant, v. Eldredge.

Argued April 26, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

168

See also: *Tribune Review Publishing Co. Case,* 379 Pa. 92.

*Michael A. Musmanno,* in propria persona, with him *George Kunkel, J. Dress Pannell,* and *James J. Davis,* for appellant.

*Robert T. McCracken* and *George Wharton Pepper,* with them *Owen J. Roberts,* for appellee.

OPINION PER CURIAM, May 25, 1955:

The question of law raised in this proceeding was correctly answered by the learned court below on whose opinion, reported in 1 D. & C. 2d 535, the judgment will be affirmed.

Nothing more would have been required for the disposition of this appeal had not the appellant, during the course of his oral argument, publicly voiced a grave charge against the other members of this court which cannot be permitted to go unanswered. The appellant asserted that we have discriminated against him in the matter of the filing and publication of dissenting opinions,—that there is one rule for him and a different rule for the other members of the court. Never once have we withheld, nor have we any intention of ever withholding, from publication in the official State Reports a dissenting opinion of any member of the court if in accord with established rules and practices. In the little more than three years that the appellant has been a member of this court he has filed and has

had published in the official State Reports, with this court's full approval, more dissenting opinions than all the other members of the court combined.

The appellant's opinion in the *Tribune Review Publishing Company Case,* the non-publication whereof in the official State Reports constitutes the gravamen of his present complaint, was never circulated among the members of the court nor even shown to any one of them prior to its being lodged by appellant with the Prothonotary for the Western District after this court had entered an order dismissing the Tribune's petition for a writ of prohibition on the ground that the petition did not present a justiciable question.

It should at once be evident that the opinion which appellant sought by mandamus to have published in the official State Reports was not, in reality, a proper dissent. The order of this court in the *Tribune* case did not discuss, much less decide, the merits of the very important legal question involved. It merely held that there was nothing justiciable before us for decision, dismissed the petition without prejudice, and suggested that a proper test case might be presented. The appellant's opinion, instead of confining itself to the subject-matter of the order, went on to discuss and decide the merits of the controversy which the petitioner had endeavored to litigate prematurely and as to which this court had expressed no views whatever. It is, to say the least, unfortunate that appellant saw fit to write and hand out for publication an opinion prejudging a question which has yet to come before this court.*

---

* A test case has since been instituted and decided in the Court of Common Pleas of Westmoreland County, has been appealed to our court, and will be argued at the Fall Session of the court in Pittsburgh.

Not only, as already stated, did appellant file his opinion in the *Tribune* case without circulating it among the other members of the court, but he filed it after the court had adjourned its sessions for the summer and its members were scattered. Thus we were effectually denied the opportunity, indeed the fundamental right, of seeing, reading, or considering the dissent before the appellant made it public. It need hardly be said that if such a breach of the basic rules of appellate court practice were to be permitted a court could not properly perform its functions.

For the reasons stated, the court instructed the Reporter, the present defendant, not to publish in the official State Reports the appellant's opinion on the Tribune Review Publishing Company's petition.

Judgment affirmed.

---

CONCURRING OPINION BY MR. JUSTICE BELL:

I agree that the Court, for the reasons hereinafter stated, had the power to direct the State Reporter not to publish Justice MUSMANNO'S dissenting opinion in *The Tribune Review Publishing Co. Case* in the official "Pennsylvania State Reports".

The majority opinion states: "Never once have we withheld, nor have we any intention of ever withholding, from publication in the official State Reports a dissenting opinion of any member of the Court if in accord with established rules and practices."

Unfortunately there are no applicable statutes or rules, and there is a difference of opinion as to (a) what constitutes a real dissenting opinion, and (b) exactly what practices have been established.*

---

* Justice MUSMANNO filed of record his dissenting opinion 9 days after the Opinion of the Court had been filed. The usual custom is to file a majority and dissenting opinion simultaneously;

I believe it has been for 169 years, and should continue to be the universal practice in Pennsylvania, to have published in the official State Reports the Opinions of the Supreme Court which the Court directs to be published, as well as every Opinion of each Judge thereof—whether it be called a dissenting opinion, or a concurring opinion, or whatever its label—provided it is first circulated and thereafter filed of record simultaneously with the majority opinion or at such subsequent time as the majority permit. I believe this is likewise the practice followed in the Supreme Court of the United States, and in the highest Court in New York.

Dissenting opinions sometimes become, after circulation and consultation, the majority opinion of the Court, and at other times have caused the majority opinion to be modified or rewritten. This is the reason why it is wise to require that all opinions be circulated among the members of the Court and that they all be filed simultaneously. Furthermore, the value, importance and influence of dissenting opinions in the historical development and improvement of the law have been so tremendous* and so well known to Bench,

---

however, there have been exceptions. For example, see: *Philadelphia Electric Co. v. Philadelphia*, 301 Pa. 291, 152 A. 23, where the majority opinion was filed of record June 21, 1930, and the dissenting opinion October 7, 1930; *Beirne v. Continental-Equitable Title & Trust Co.*, 307 Pa. 570, 161 A. 721, where the majority opinion was filed of record May 26, 1932, and the dissenting opinion June 16, 1932; and *Johnson v. Rulon*, 363 Pa. 585, 70 A. 2d 325, where the majority opinion was filed of record January 3, 1950, and the dissenting opinion January 16, 1950.

* The dissenting opinion in *Chisholm v. Georgia*, 2 Dallas 419, was a contributing factor in the passage of the Eleventh Amendment to the Constitution of the United States; the dissenting opinions in *Sanford v. Dred Scott*, 19 Howard 393, produced the Fourteenth Amendment; the dissenting opinion in *Pollock v. Farm-*

Bar and legislative bodies that to arbitrarily deny the right to publish them in the official Reports would be utterly repugnant to the spirit of the times, to our fundamental ideas of fair play and justice, to our lifetime practice, and to sound public policy.

It follows that in the instant case Justice MUSMANNO had an absolute right ab initio to have his dissenting opinion published in the official State Reports. The fact that a majority of this Court believes that the constitutional question of freedom of speech and press, which was specifically raised and vigorously argued, was *not then justiciable,* does not prohibit Justice MUSMANNO from having a contrary view, or bar him from officially expressing his opinion of the case on its merits. See, inter alia: *South v. Peters,* 339 U. S. 276; *Eisler v. United States,* 338 U. S. 189; *Colegrove v. Green,* 328 U. S. 549; *Forbes Road Union Church and Sunday School v. Salvation Army,* 381 Pa. 249, 113 A. 2d 311; *Darlington v. Reilly,* 375 Pa. 583, 101 A. 2d 903; *Werner v. King,* 310 Pa. 120, 164 A. 918; *Crane v. Crane,* 373 Pa. 1, 95 A. 2d 199; *Miller v. Lutheran Conference & Camp Asso.,* 331 Pa. 241, 200 A. 646; *Jacobs v. Fetzer,* 381 Pa. 262, 112 A. 2d 356; *Clark v. Meade,* 377 Pa. 150, 104 A. 2d 465.

*crs' Loan & Trust Co.,* 157 U. S. 429, became the law of the land by the Sixteenth Amendment. The famous jurist, Justice OLIVER WENDELL HOLMES, in his last 12 years on the Court wrote 298 majority opinions and dissented 122 times, of which 40 were in the form of dissenting opinions. Justice BRANDEIS wrote 117 majority opinions and 75 dissenting opinions. Chief Justice STONE wrote 159 majority opinions and 80 dissenting opinions. Justice OWEN J. ROBERTS wrote 297 majority opinions and dissented 185 times, of which 128 were in the form of dissenting opinions. In the legally stable period of 1929-1937 approximately 14% of all opinions of the Supreme Court of the United States were dissenting opinions. In the last 10 years an opinion of the Supreme Court is frequently accompanied by 1 to 6 dissenting or concurring opinions.

However, an absolute right to have a dissenting or other opinion (irrespective of what it be called) published, may, like many other rights, be waived or lost. Appellant agreed in this case to the Opinion of the Court and thereby, in my judgment, waived his right to have any dissenting opinion of his published in the official Reports.