# Hibbs *v.* Neighborhood Organization to Rejuvenate Tenant Housing et al., Appellants.

Argued January 21, 1969. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Charles H. Baron,* for appellants.

*S. Gordon Elkins,* for amicus curiae.

OPINION BY MR. JUSTICE COHEN, April 23, 1969:

Appellants engaged in picketing outside the residence of Charles Hibbs, appellee, in order to protest his activities in connection with the rental of houses in low-income districts of Philadelphia. Hibbs carried on these activities under the name "Ben Reed" in the following surreptitious manner. All business was conducted through the mail addressed to a post office

box in Bala-Cynwyd, Pennsylvania. Each month the tenants sent their rent to "Ben Reed" at that box. All complaints, including those concerning the lack of vital services such as heat and water, had to be sent through the mail, with the accompanying delays. The only available method by which the tenants could pay their rent or register their complaints was by resorting to this impersonal procedure. Although Hibbs maintained an insurance brokerage office, he stated that nothing in connection with his real estate activities was transacted at this office. Appellants, in order to publicize what they considered to be the deplorable activities of Hibbs and the manner in which he operated, conducted informational picketing at his home. After hearing, the lower court granted a preliminary injunction restraining the picketing. Certain of the picketers have taken an appeal to this Court.

Because of the secretive manner in which Hibbs was conducting his real estate business there was no other place to effectively communicate his activities. Under the circumstances, the residence is not an unreasonable situs to picket. When a landlord conducts his business in a manner to avoid detection and not at a regular place of business, informational picketing may not be enjoined for the sole reason that tenants and others resorted to picketing the landlord's home.

Appellants would have us weigh the First Amendment right of free speech that accompanies informational picketing against Hibbs' right of privacy and establish a blanket rule permitting residential picketing.[1] We will not do this since this is not a true case

---

[1] See two articles in this area: Kamin, Residential Picketing and the First Amendment, 61 Nw. U. L. Rev. 177 (1966) ; Picketing the Homes of Public Officials, 34 U. Chi. L. Rev. 106 (1966). See also, *Gregory v. City of Chicago*, 394 U.S. 111, 37 L.W. 4213 (1969).

of residential picketing. Here, because of the manner in which appellee conducted his business, the residence of appellee became a proper situs for informational picketing.

We feel a further word is necessary concerning appellee's conduct on this appeal. Appellee did not submit a brief or participate in oral argument. In a case as delicate as this it would have been to appellee's advantage to have presented the arguments which support his position. It is not so much as a slight to us, but a courtesy owed to the lower court.

Decree reversed, at appellees' cost.

Mr. Justice POMEROY concurs in the result.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I fully agree with the result reached by the majority opinion. I believe it must be emphasized, however, that because as the majority properly points out, "this is not a true case of residential picketing" (since no other place was available where appellants could effectively communicate), the question of to what extent purely residential picketing may be proscribed is not before us. Thus while the majority opinion correctly holds that residential picketing is permissible where no other alternative is available, it should *not* be read as authority for the converse proposition, i.e., that residential picketing may be enjoined merely if another nonresidential picketing situs can be effectively utilized.