Peterson *v.* Philadelphia Suburban
Transportation Company (et al.,
Appellant).

Argued January 14, 1969. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Stephen J. McEwen, Jr.,* for appellant.

*J. B. Erwin,* with him *Bernard P. Carey, Jr.,* for plaintiff, appellee.

*Ernest L. Green, Jr.,* with him *Butler, Beatty, Greer and Johnson,* for additional defendant, appellee.

OPINION BY MR. JUSTICE POMEROY, June 27, 1969:

This case presents procedural problems in the area of third party practice, including the raising, by an additional defendant, of the defense of the statute of limitations. A chronological statement of the pleadings and other steps taken in the lower court during the 3 1/2 years between commencement of suit and the taking of this appeal will best present the posture of the case, and the problems presented.

Plaintiff allegedly sustained personal injuries in a fall on September 20, 1962, at the 69th Street Terminal in Upper Darby, Pennsylvania, on the property of Philadelphia Suburban Transportation Company (Suburban), the first-named defendant. The A. Ray-

mond Raff Company (Raff) was, according to the complaint, engaged as a contractor for Suburban in doing repair work at the Terminal, and was in possession of the premises for that purpose. From the third party complaint, it appears that Valley Erection Company, Inc. (Valley) was engaged in installing iron work on the platform of the Terminal at the time of the injury, whether as a subcontractor or agent or in another capacity does not appear.

On September 10, 1964, ten days before the expiration of the two-year statute of limitations (Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34), plaintiff commenced this action by filing a praecipe for summons. The praecipe (which was not part of the printed record) named as defendants Suburban, Raff and Valley. Summons in trespass was duly served on Suburban and Raff, but was never served on Valley. According to the opinion of the court below (although not otherwise shown in the printed record) the summons to Valley was "held" on order from the attorney for the plaintiff. The plaintiff's complaint, filed January 27, 1965, named only Suburban and Raff as defendants, and contained separate counts as to each. It made no mention of Valley.

Suburban answered the complaint in March, 1965, and Raff in October, 1965. About six weeks later, on December 3, a stipulation of counsel was filed, signed by the attorneys for the plaintiff and the two original defendants, extending the time for "filing a writ" to join additional defendants,[1] and agreeing that Raff might "file a writ" to join Valley as "an additional defendant who may be solely, jointly or severally lia-

---

[1] Under Pa. R.C.P. 248 an extension of time may be accomplished by stipulation, but it would normally be better practice to have the extension for a definite period. It was, of course, inaccurate to speak of the defendant "filing a writ".

ble." This stipulation was endorsed "approved" by a judge of the court. On December 28, 1965, Raff filed its third party complaint against Valley, alleging sole liability to plaintiff, liability over to the defendants, or joint or several liability with the defendants with respect to any recovery by the plaintiff. To this complaint Valley timely filed preliminary objections based on noncompliance with Pa. R.C.P. 2253.[2]

For over two years following February of 1966, with one minor exception,[3] the case lay dormant in this posture. The preliminary objections were not brought on for hearing. On April 1, 1968, Valley filed two petitions. One sought to have the original suit discontinued as to it as a defendant; the other sought leave to file an answer nunc pro tunc to the third party complaint of Raff, and stated its willingness to withdraw its still pending preliminary objections. Both petitions asserted that the statute of limitations had run as to any claim against Valley, and the second petition stated that Valley would raise this defense if allowed to answer the complaint.

Both original defendants filed answers to both petitions, claiming in essence that the statute of limita-

---

[2] This rule forbids the institution of third party proceedings later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff "unless . . . allowed by the court upon cause shown." In this case, eleven months had elapsed. The preliminary objection stated that no cause was shown. It is true that the stipulation for extension of time does not recite any cause. We are not called upon to decide whether the order of court, consisting of the single word "approved" carries the implication that cause was shown for the extension; as noted *infra,* the preliminary objections were later withdrawn. Cf. *Coppage v. Smith,* 381 Pa. 400, 113 A. 2d 247 (1955).

[3] The *ad damnum* clauses of the plaintiff's complaint were amended by stipulation on September 15, 1967. Counsel for Valley joined with counsel for the original defendants in allowing these amendments.

tions had been tolled by the issuance of the writ of summons against all the original defendants, including Valley, within two years of the date of the alleged trespass, and had remained tolled because the third party complaint against Valley had been filed within the ensuing two-year period. Plaintiff filed no answer.

The lower court granted both petitions, and stipulated that Valley should withdraw its preliminary objections. The order is reproduced in the margin.[4] Valley then withdrew its preliminary objections and filed an answer to Raff's complaint. It claimed the bar of the statute of limitations as an affirmative defense. Thus at long last, 3 years and 8 months after the commencement of the action, the pleadings were complete and the case was at issue. This appeal by Raff, one of the two original defendants, followed.

At the threshold of our consideration are two motions of the plaintiff, one to quash the appeal as being from an interlocutory order, and the other to dismiss for noncompliance with our Rule 64 as to the time for filing briefs. With respect to the latter, the attorney for appellant Raff has tendered an adequate explanation (illness of the brief writer). Ordinarily the court

---

[4] "ORDER

And Now, this 26th day of April, A.D. 1968,

1. The petition of Valley Erection Co., Inc., that it be discontinued as a party defendant in any manner, is granted, and the Valley Erection Co., Inc., is not and shall not appear as a party defendant in any further proceedings herein, and

2. The petition of Valley Erection Co., Inc., as an additional defendant, for leave to file answer nunc pro tunc to the Complaint of A. Raymond Raff Company, is granted, with leave to file such answer within twenty-five days from the date of this order.

3. Valley Erection Co., Inc. shall withdraw of record its preliminary objections.

By the Court,
Joseph W. deFuria,
J."

does not quash an appeal on a technicality, *Schmehl v. Mellinger,* 325 Pa. 487, 489, 191 A. 62 (1937). Where failure to comply with our rules has been the reason for quashing, the violation has been flagrant. Cf. *Darlington v. Reilly,* 375 Pa. 583, 101 A. 2d 903 (1954). In the case at bar, neither of the appellees (plaintiff or Valley, the additional defendant) has filed a brief. It is patently clear that neither appellee has been prejudiced by the late filing of Raff's brief, and that the motion of plaintiff-appellee is frivolous. It will be denied.

The motion to quash has more merit. As the court recently reiterated in *Middleberg v. Middleberg,* 427 Pa. 114, 115, 233 A. 2d 889 (1967), ". . . an appeal will lie only from a definitive order, decree or judgment which finally determines the action. In order to constitute a final order, decree or judgment, the order must terminate the litigation between the parties to the suit by precluding a party from further action in that court." Paragraph 1 of the order here appealed from (see footnote 4) possesses the requisite degree of finality. Its effect is to dismiss the action as to Valley in its capacity as a named defendant in the original suit. An analogous order dismissing an action against an additional defendant was held to be a final order and so subject to appeal in *Rau v. Manko,* 341 Pa. 17, 20, 17 A. 2d 422 (1941). See also *Schwartz v. Jaffe,* 324 Pa. 324, 331, 188 Atl. 295 (1936), *Ashworth v. Hannum,* 347 Pa. 393, 396-7, 32 A. 2d 407 (1943), *Frank v. W. S. Losier & Co., Inc.,* 361 Pa. 272, 275, 64 A. 2d 829 (1949).

The second paragraph of the court's order, on the other hand (which is not related in any direct way to the first paragraph), is not at all final. It merely allows the filing, nunc pro tunc, of an answer to a third party complaint, a strictly discretionary matter. *DiGregorio v. Skinner,* 351 Pa. 441, 447, 41 A. 2d 649

(1945) ; cf. *Fairchild E. & A. Corp. v. Bellanca Corp.*, 391 Pa. 177, 137 A. 2d 248 (1958). In fact, the third party defendant Valley was not in default as to an answer, since its preliminary objections were still pending and undisposed of. Its petition involved a proposal to withdraw its preliminary objections if permitted to file an answer to the complaint. This the court allowed. Its action in so doing was interlocutory. The motion to quash will be allowed as to paragraphs 2 and 3 of the order (paragraph 3 is *in pari materia* with paragraph 2), and denied as to paragraph 1.[5]

Turning now to the merits of that portion of the appeal which is properly before us, the question presented may be simply stated thus: When is a party defendant, named as such in a summons, not a party in fact? The answer given by the lower court was, when he has not been served with the summons because of a "hold" order given by the plaintiff to the sheriff. We agree.

An action may be commenced by filing with the prothonotary a praecipe for a writ of summons. The writ must be served within thirty (30) days after issuance. Reissued writs must be served within thirty (30) days after reissuance. Pa. R.C.P. 1007, 1009, 1010(d). It is basic to our whole system of the trial of lawsuits that service of process be made, and timely made. Normally, in actions *in personam*, the service must be personal service or an authorized substitute therefor. The fundamental and indispensable nature of the service requirement permeates the decisional and statutory law of this Commonwealth, and needs

---

[5] By thus allowing the answer of appellee Valley, the additional defendant, to stand, we do not, of course, express any opinion on the merits of the asserted defense of the statute of limitations insofar as sole liability of Valley to plaintiff is concerned.

no demonstration here. See, among other cases, *Simpson v. Simpson*, 404 Pa. 247, 172 A. 2d 168 (1961), *Olson v. Kucenic*, 389 Pa. 506, 133 A. 2d 596 (1957), *Vaughn v. Love*, 324 Pa. 276, 188 A. 299 (1936), *Vaughan v. Womeldorf*, 366 Pa. 262, 77 A. 2d 424 (1951), *Giampalo v. Taylor*, 335 Pa. 121, 6 A. 2d 499 (1939).

Here, admittedly, the service of a writ of summons upon Valley was held up for three and one-half years after the filing of the praecipe which commenced the action. It was a named defendant in a suit by the plaintiff, but never served because of an "order" by the plaintiff to the sheriff to "hold"; this in spite of the mandatory language of Rule 1009(a) that the writ "shall be served by the sheriff within thirty (30) days after the issuance . . ." So far as the record before us shows, the writ was never reissued so as to "continue its validity", as provided by Rule 1010(a). Jurisdiction over the person of defendant Valley was never obtained. The court below was correct in concluding that "The 'hold' order by Plaintiff on the summons naming Valley as a defendant makes the summons a nullity." In so holding the court reached the same conclusion as the Court of Common Pleas of Mercer County had reached in two similar cases: *Bittler v. Rocco Bono Equipment Rentals*, 38 Pa. D. & C. 2d 458 (1966), and *McCrystal v. Berczel*, No. 82 June Term, 1964 (apparently not reported). Judge STRANAHAN in the former case quotes Judge McKAY in the latter case as follows: "However, when the plaintiff went further and notified the Prothonotary to hold the praecipe, in effect they *nullified* their action in filing it. In other words, while purporting to commence an action, they expressly prevented the commencement of it by simultaneously stopping and thereby *nullifying* the effect of their praecipe." We agree entirely with this conclusion.

Appellant relies primarily on Pa. R.C.P. 1010(b), which provides, "A writ may be reissued at any time and any number of times". Thus, it contends that as long as the unserved writ of summons remained of record, plaintiff could have reissued it, had it served on Valley, and reinstated its complaint (which named only Surburban and Raff as defendants) so as to include Valley as a defendant, and had it served. Appellant refers to these possibilities not only as "rights of the plaintiff", but as "vested rights" in itself. It contends that it has a vested right to have Valley in the case "as the defendant solely liable for plaintiff's damages".

Appellant reads Rule 1010(b) without reference to this court's prior interpretation of it. It is not meant to create rights *ad infinitum* in anyone, particularly not a defendant. As we said in *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A. 2d 317 (1961), speaking through Chief Justice JONES: "This Rule [1010(b)] is inadequately worded and its language must be construed by reasonable interpretation. The same limitation is to be applied to the time in which a writ of summons may be *reissued* as was formerly applied for *the issuance* of an alias or pluries writ, i.e., a writ of summons may be reissued only for a period of time which, measured from the date of original issuance of the writ, or the date of a subsequent reissuance thereof, is not longer than the period of time required by the applicable statute of limitations for the bringing of the action. See: 2 Pennsylvania Civil Practice, Sec. 1010.5; 1 Goodrich-Amram Procedural Rules Service, §1010(b)-1." See also *Rufo v. Bastian-Blessing Co.*, 420 Pa. 416, 218 A. 2d 333 (1966); *Marucci v. Lippman*, 406 Pa. 283, 285, 177 A. 2d 616 (1962).

In *Salay v. Braun*, 427 Pa. 480, 485, 235 A. 2d 368 (1967), we recognized, moreover, that the right in a plaintiff to keep an action alive until service can be

made on a defendant was not absolute for any particular period of time: it "has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution".

Plaintiff here could have caused the reissuance of the writ at any time until September 9, 1966, two years from the filing of the original praecipe, but chose not to do so. Having caused the original writ to be held and not served, and having failed to reissue it within the time allowed by our decisions, there was no right in the plaintiff to keep Valley on the record as a named defendant. It seems clear that the plaintiff delayed unreasonably in the prosecution of the case against Valley. But its action, or failure to act, invested appellant with no rights *vis a vis* Valley. Appellant had, and it exercised, the right to bring Valley into the case as a third party defendant. Valley is now in the case as such.

It is true, of course, that one can waive service of process by various means, and become a party to a suit by voluntary appearance. Appellant argues that Valley did that by joining in the stipulation amending the plaintiff's complaint. We disagree. At the time this was done, the third party complaint against Valley had already been filed and served, and Valley's preliminary objections were pending. Until they were disposed of, Valley was a party to the litigation, as it still is. Its joinder in the stipulation was proper, and in no way inconsistent with its desire to clear up an ambiguous record by being eliminated as a named original defendant.

Finally, appellant contends that Valley went about getting rid of the "held" writ in the wrong way, but it does not say what the right way is. No doubt procedures other than the particular petition Valley here filed were available to it in order to resolve this question, but we see nothing wrong with the method here

used, or with the order the lower court entered. Appellant, moreover, raised no such objection below in its answer to Valley's petition.

In summary, Valley was properly removed from the record in this case as an original defendant because, first, it had never been served with process due to plaintiff's own instructions, and second, even if there were no deliberate failure to prosecute, the time for the reissuance of the writ, as established by the decisions of this court, had expired.

In the recent case of *Hibbs v. N.O.R.T.H.*, 433 Pa. 578, 252 A. 2d 622 (1969), in a case where appellee had not filed a brief with this court, and we reversed, we commented, "It is not so much a slight to us, but a courtesy owed to the lower court". In this case, neither appellee Peterson, the plaintiff, nor appellee, Valley, the additional defendant, has filed a brief. Here we affirm the lower court, but comment that the filing of a brief is not only a courtesy owed to the lower court but would have been an aid to this court in the disposition of the case.

The judgment of the court below, as contained in paragraph 1 of its order dated April 26, 1968, is affirmed.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:

I would refuse to entertain the instant appeal because, in my view, the appellant here, Raff, is not a party legally aggrieved by the only order the majority holds to be final, and is certainly not aggrieved by it at the present time, since as to *him* it is interlocutory. Raff is attempting to appeal the order granting Valley's petition that it (Valley) be discontinued as a party defendant. While the *plaintiff* Peterson might properly have appealed this order, I fail to see what

right the *defendant* Raff has to appeal it. *Thirkell v. Equit. Gas Co.,* 307 Pa. 377, 380, 161 Atl. 313 (1932). The only possible interest Raff could be seeking to protect would be the right to litigate its claim against Valley in the same suit as its obligations to the plaintiff Peterson were determined. However, as a defendant, Raff has available to it the procedure for joinder of additional defendants provided for in Rules 2251-2275 of the Pennsylvania Rules of Civil Procedure. Raff did indeed take steps to join Valley as an additional defendant. Since at the present time Valley is still in the case as an additional defendant, Raff has in no way been harmed by the Court's allowing Valley to be discontinued as a party defendant. The appeal is, at the least, premature.

However, rather than quash the appeal as premature, I would dismiss it because I do not believe that Raff can ever be in the position whereby it has a right to complain about the instant order. Apparently, Raff fears that its third-party complaint against Valley may have run afoul of the Statute of Limitations, a subject on which no decision is now necessary, and thus it wants to keep Valley in the case as a party defendant. Raff's rights against Valley must arise through Valley's being joined as an additional defendant, or through a separate suit.

I would dismiss the instant appeal, or at the very least, quash it as premature.

Mr. Justice EAGEN joins in this dissenting opinion.