## Denilen v. Tattersall

*Barry Buckley*, for plaintiffs.
*Robert Elicker, Jr.*, for defendants.

PITT, JR., J., May 14, 1974.—This matter came before us on a motion for summary judgment. By order dated July 30, 1973, we returned the record to the prothonotary with leave to both parties to file supporting and opposing affidavits pursuant to Rule

1035(d) of the Pennsylvania Rules of Civil Procedure. Those affidavits have been filed and the matter comes back to us now for decision.

Facts well pleaded by plaintiffs are accepted as admitted when judgment on the pleadings is requested by defendant: Eckborg v. Hyde-Murphy Co., 442 Pa. 283 (1971). From the reply to new matter, we glean that the cause of action in trespass arose December 6, 1968, and an action was commenced on November 18, 1970, by praecipe for writ of summons and the writ issued the same day. That writ, the record indicates, is marked "Hold" and was not delivered to the sheriff for service until June 15, 1972, when the said writ was reissued.

Defendant relies upon Peterson v. Philadelphia Suburban Transportation Co., 435 Pa. 232 (1969), wherein plaintiff's attorney filed the praecipe, but ordered the sheriff to "hold" the writ and thus the writ was not served. Under those circumstances our Supreme Court held that the deliberate attempt by plaintiff to prevent service of the writ nullified the effect of the filing of the praecipe and thus failed to toll the running of the statute of limitations.

The "Hold" in Peterson, supra, was recently reviewed by the Superior Court of Pennsylvania which interpreted it to mean that it is only a deliberate act by plaintiff that negates the effect of the filing of the praecipe: Donahey v. Mattox, 228 Pa. Superior Ct. 8 (1974). From the matters of record in the instant action, we determine that while the praecipe was marked "Hold" and that it may well have been caused by plaintiff, nevertheless the pleadings and supporting affidavits fail to show at whose direction the "Hold" instructions were placed upon the writ. Absent a showing of deliberate act on the part of plaintiffs, the motion for summary judgment is denied.