**Kurz v. St. Albans Apartments, Inc.**

*Alvin S. Ackerman,* for plaintiff.
*George J. McConchie,* for defendants.

deFURIA, *J.,* May 14, 1974—This is a trespass action for personal injuries. An answer and new matter have been filed by the corporate defendants which raise the defense of the expiration of the statute of limitations. A motion for judgment on the pleadings has been filed by the corporate defendants and this motion is before us for disposition.

The injury was sustained on January 16, 1963. Suit was instituted on January 14, 1965, by filing a praecipe for a writ of summons. No effort was made to formally serve defendants. On January 11, 1967, the summons was reissued; no service was obtained. On January 10, 1969, the summons was reissued and again no service was obtained. On January 7, 1971, the summons was reissued and service was made on the corporate defendants on January 11, 1971. Service on the individual defendants was obtained on March 20, 1972, through the Secretary of the Commonwealth. On March 24, 1974, the individual defendants were served by registered mail in New Jersey.

After service of the writ, a complaint was filed and thereafter the answer and new matter was filed. The individual defendants are represented,

have filed an answer and new matter also raising the statute of limitations.

There is no contention that plaintiff has done anything overt to prevent or delay the service of the writ of summons by the sheriff on defendants at any time.

Pennsylvania Rule of Civil Procedure 1010(b) provides a writ may be reissued or a complaint reinstated at any time and any number of times.

The statute of limitations involved is the Act of June 24, 1895, P.L. 236, 12 P.S. §34, which requires suit to be brought within two years from the time the injury was done. The issuance of a writ of summons within the two-year period tolls the statute of limitations. Plaintiff then has an additional two years in which to either serve defendant or to reissue the writ of summons: Zarlinsky v. Laudenslager, 402 Pa. 290, 167 A. 2d 317 (1961).

Defendants rely upon the case of Peterson v. Phila. Sub. Trans. Co., 435 Pa. 232, 255 A. 2d 577 (1969), which arose in this court. In that case, plaintiff commenced an action in trespass against three defendants by filing a praecipe for a writ of summons. As to one defendant, "A", however, he directed the prothonotary to "hold" the writ and not deliver it to the sheriff for service. The other defendants were served. Within two years from the commencement of the suit, one of the defendants who had been properly served filed a defendant's complaint and caused it to be served upon "A". "A" petitioned this court to discontinue the action as to "A" as a defendant. This court ruled it had no jurisdiction over "A" because the "hold" order of plaintiff as to the service of the writ of summons on "A" actually rendered the summons a nullity.

The Supreme Court agreed. "Peterson," with the overt action of plaintiff in nullifying the summons with the hold order, does not control the case before us.

The court more recently considered an issue similar to the one at bar in Hilton v. Mayer, 58 Del. Co. 26 (1970), where suit in trespass was instituted by complaint just a few days before the statute of limitations ran. The complaint was not served. However, the complaint was reinstated within two years of the original institution of suit. The complaint was served shortly after reinstatement. We there held the statute was properly tolled by the commencement of suit within two years of the date of the injury and by the reinstatement of the complaint within two years of its original filing.

Similarly, in the case before us, suit was properly commenced by the issuance of the writ of summons within a period of two years from the date of the injury and the writ was properly reissued three times thereafter with each reissuance occurring within two years of the last. "A writ may be reissued . . . at any time and any number of times": Pa. R.C.P. 1010(b). Therefore, the bar of the statute of limitations was not yet applicable.

## ORDER

And now, May 15, 1974, corporate defendants' motion for judgment on the pleadings is denied, refused and dismissed.