### Gilmore v. Blonski

*David Levenberg,* for plaintiff.

*Thomas J. Beagan, Jr.,* for defendant.

WRIGHT, J., May 22, 1974.—This is an action in which minor-plaintiff's alleged personal injuries were sustained as the result of an accident that occurred on September 13, 1970. The issue presently before the court arises as a result of defendant's motion for judgment on the pleadings, filed by defendant based upon his assertion that the two-year period of the applicable statute of limitations had expired prior to service upon defendant of plaintiffs' complaint. Further, it is asserted that plaintiffs' complaint was not procedurally effective to toll the statute of limitations, even though filed within the two-year period in the prothonotary's office, by virtue of the fact that the sheriff's docketing fee of $4.75 was not paid until after the two-year period. We are urged by defendant to construe such nonpayment as tantamount to the "hold" order involved in *Peterson v. Philadelphia Suburban Transportation Company,* 435 Pa. 232 (1969).

The chronology of events in the instant case reveals the following:

September 13, 1970—Date of accident.

September 7, 1972—Writ of summons in trespass filed in prothonotary's office.

September 13, 1972—Statute of limitations expired.

October 26, 1972—Plaintiffs paid docket fee of sheriff of $4.75.

November 6, 1972—Sheriff's return indicates "No Service."

December 18, 1972—Plaintiffs' complaint filed in prothonotary's office.

January 6, 1973—Complaint served on defendant.

May 25, 1973—Complaint reinstated and summons reissued.

June 24, 1973—Both complaint and summons served upon defendant.

Defendant, in pressing upon us the Peterson case, cited supra, urges that we decide that failure to pay the docketing fee by plaintiffs amounts to a deliberate act on the part of plaintiffs to "hold" service. With this proposition, we cannot agree. Plaintiffs did not commit a deliberate act to avoid an attempt at service. Being from another county, they unintentionally failed to make complete requisite payments, thinking they would receive a bill therefor. As soon as plaintiffs were made aware of this situation, they paid the docket fee and shortly thereafter filed their complaint and had it served upon defendant.

We hold, in light of the above, that there has been no deliberate act on the part of plaintiffs to prevent service of the initial writ, and that, therefore, the initial writ was sufficient to toll the statute of limitations. Defendant's motion must be denied.

In Wiener v. Gemunden, 58 D. & C. 2d 185 (1972), Appeal quashed, on other grounds, 223 Pa. Superior Ct. 558 (1973), the exact situation was presented to the Philadelphia County court as is present in the case at bar. That court decided the procedural question in favor of plaintiff, finding support in the rationale expressed in Meta v. Yellow Cab Company of Philadelphia, 222 Pa. Superior Ct. 469 (1972), based upon "substantial compliance" with stated statutory requirements. See, also, Hilton v. Mayer, 58 Del. Co. 26 (1970).

In light of the above, we, therefore, make the following

## ORDER

And now, May 22, 1974, defendant's motion for judgment on the pleadings is hereby denied.