**Shane v. Shane**

*James B. Leckrone,* for plaintiff.

*Richard A. Katz,* for defendant.

BLAKEY, J., July 22, 1974.—This is a contested divorce action instituted by the husband. The master recommended that a decree in divorce be granted. The matter is now before the court en banc on exceptions filed by defendant to the master's report. This opinion is written on behalf of the court en banc.

The first exception attacks the service of the complaint. The record establishes that defendant was a resident of the state of Washington at the time the complaint was filed. Service was attempted pursuant to Pennsylvania Rule of Civil Procedure 1124(a)(3)(b). A copy of the complaint was forwarded to defendant at an address in the State of Washington by certified mail. A return receipt card executed by defendant was returned and filed with the appropriate affidavit. However, it further appears that defendant returned to York after the action was instituted and that the complaint was forwarded and received by her when she was in this Commonwealth. While plaintiff attempted in good faith to effect service pursuant to the rule, it is clear that such service was defective. However, a party can waive service of process: Peterson v. Phila. Suburban Transp. Co., 435 Pa. 232 (1969). Here, defendant entered a general appearance, filed a rule for bill of pariculars, filed a petition for counsel fees and

costs, and appeared at the hearings by counsel without having raised the jurisdictional issue. The defect has been waived.

Defendant's exception number 3 reiterates the above and also contends that the complaint was improper as it did not specify the residence of defendant but only indicated a mailing address. Defendant is correct as to the requirements of Pa. R. C. P. 1126(2). However, this error is of no significance at this stage of the proceeding. It should have been raised by preliminary objection. It is not a basis to attack the master's report.

There being no other procedural or jurisdictional issues, we find that the procedural and jurisdictional requirements have been met.

Defendant contends by exception number 2 that the record does not support the master's findings of fact. Our duty, of course, is to review the entire record de novo. The report and recommendations of the master are entitled to careful consideration but are, of course, advisory only and are not controlling. We have reviewed the record and have reached an independent conclusion upon the merits of the case. In so doing, we have concluded that the master's report was somewhat cursory and that plaintiff's case is stronger and broader than reported.

The plaintiff-husband is 52 years of age and the wife 49. They were married August 30, 1947. There have been five children produced by this marriage, now all over the age of 18. Both parties moved to the Commonwealth in 1967, having lived in a number of States prior to that. Except for a brief separation in July of 1970, they lived together in this Commonwealth until their final separation in September of 1972, at which time the wife left the home and moved to the west

coast where she continued to reside until this action was instituted.

The testimony of plaintiff was corroborated in several instances, while the testimony of defendant was not. In addition, defendant admitted certain patterns of conduct charged by plaintiff, although she attempted to minimize their severity. The master specifically rejected defendant's attempts to prove that plaintiff was not an injured and innocent spouse. The master's conclusions upon the issue of credibility are entitled to considerable weight. His conclusions on this issue are supported by our review of the record. Consequently, we generally resolved issues of credibility against defendant.

On this basis, the record establishes that defendant engaged in a long course of conduct which was abusive and demeaning to plaintiff. They had constant arguments. He testified that she would talk to him about once a day and that an argument occurred approximately every three days. He stated that he could not communicate with her but would be told to shut up, told that he did not now know what he was talking about, and that defendant would scream at the top of her voice, and display a violent temper. Defendant, apparently believing that a violent temper is synonymous with violence, quite correctly argues that the record does not establish a pattern of violent conduct. However, we believe that it clearly does establish the temper found by the master. Plaintiff complained that defendant constantly used profanity, which was corroborated by his witness, and to a degree admitted by defendant. He stated that he was usually greeted upon his arrival home with an expression similar to "you got home you drunken bastard." He further testified that he was repeatedly falsely accused of infidelity.

The record establishes that defendant was a poor housekeeper whose indifference to routine tasks strongly suggests a parallel indifference to the person of plaintiff. The record clearly supports plaintiff's claim that his friends and neighbors were rejected. In addition, defendant evidenced, and to a degree admitted, considerable hostility towards his family. While she denies that she struck his mother, both plaintiff and witness testified to the contrary. Defendant repeatedly rejected plaintiff, stated that she wished she had not married him, and moved from the home on two occasions, confirming her disdain for his presence and her desire to be rid of him. Plaintiff tried to keep his marriage together for the sake of the children. He suggested that the parties consult a minister. She refused to do this or to talk to any members of his family on the subject. Clearly, this course of conduct had an adverse effect upon plaintiff. He testified that he lost 15 pounds, suffered nervous indigestion and consulted a doctor.

Consequently, we overrule defendant's exception number two attacking the findings of fact and exceptions four, five and six which challenge the master's conclusion that a divorce should be granted on the basis of such facts.

Consequently, we enter the following:

## ORDER

And now July 22, 1974, defendant's exceptions to the master's report are overruled and dismissed, and it is further adjudged and decreed that the said James E. Shane, plaintiff, is hereby divorced from the said Hazel F. Shane, defendant, from the bonds of matrimony contracted with her with the same effect as if they had never been married.

An exception is granted to defendant.