## Chichester v. Stoner

*George E. Hoffer,* for plaintiff.
*David E. Lehman,* for defendants.

SHUGHART, *P. J.,* September 2, 1975 — This action involves an automobile accident which occurred on February 13, 1972. The suit in trespass was instituted by the filing of a praecipe for a writ of summons on February 13, 1974. The writ was reissued on June 28, 1974, and served on defendants on July 1, 1974. After a complaint was filed, defendants filed an answer with new matter, asserting, first, that plaintiff's claim was barred by the statute of limitations and, secondly, that plaintiff had given a release to defendants which barred

recovery. By agreement of counsel, plaintiff belatedly filed an answer to the new matter.

Defendants have now moved for judgment on the pleadings on the dual grounds referred to above.

The original praecipe for the issuance of a writ of summons filed February 13, 1974, one day prior to the running of the statute of limitations, contains on the reverse side in the upper left-hand corner the handwritten word "Hold." Defendants contend that this notation renders the filing of the praecipe a nullity and because no effective praecipe was filed on that date, the statute of limitations had run before the attempted reissuance June 28, 1974.

Defendants' position is sustained by the decision in Bittler v. Rocco Bono Equipment Rentals, 38 D. & C. 2d 458 (Mercer Co., 1966). However, defendants' assertion that it is also supported by Peterson v. Philadelphia Suburban Transportation Company, 435 Pa. 232, 255 A.2d 577 (1969), is inaccurate. The statements in Peterson supporting the holding in Bittler were dicta, for in that case the statute of limitations barred the suit because plaintiff failed to reissue the writ *at any time* within two years after the initial praecipe for summons was filed. This conclusion is convincingly displayed by the analysis of Judge Lyon in Brua v. Bruce-Merrilees Electric Co., 63 D. & C. 2d 652, 666 (Lawrence Co., 1973):

"Defendants rely heavily on Peterson v. Philadelphia Suburban Transportation Co., supra, where the service of a writ of summons was held up for three and one-half years after the filing of the praecipe which commenced the action. According to the opinion of the lower court, the sum-

mons was held on order from the attorney for plaintiff. The Peterson court cited with approval Bittler v. Rocco Bono Equipment Rentals, supra, where the Mercer County Court of Common Pleas held that when plaintiff's counsel notified the prothonotary to hold the praecipe, he, in effect, nullified his action in filing the Merrilees pracecipe [sic.] for a writ of summons. However, the court went on to say: 'Plaintiff here could have caused the reissuance of the writ at any time until September 9, 1966, two years from the filing of the original praecipe, but chose not to do so. Having caused the original writ to be held and not served, and having failed to reissue it within the time allowed by our decisions, there was no right in the plaintiff to keep Valley on the record as a named defendant. It seems clear that the plaintiff delayed unreasonably in the prosecution of the case against Valley': 435 Pa. at 242, 255 A.2d at 582.

"The instant defendants assert that the Peterson decision was bottomed upon two separate grounds, to wit: (1) the conclusion that the issuance of the writ of summons accompanied by a 'hold order' was a complete nullity, and (2) the statute of limitations barred the action because plaintiff failed to reissue the writ at any time within two years after the filing of the original pracecipe for issuance of the summons. A proper interpretation of the Peterson decision requires a consideration of the entire opinion in the light of the factual situation there being considered. In addition, the decision should be construed so as to give effect to all parts of the opinion. When interpreted by these standards the Peterson case merely holds that a writ of summons which was never served upon the defendant is a

complete nullity once the time for reissuance of the writ has expired."

No other Supreme Court decisions have been cited and our research has revealed none, but two decisions of the Superior Court are relevant.[1] In Donahey v. Mattox, 228 Pa. Superior Ct. 8, 323 A. 2d 167 (1974), the secretary for plaintiff's attorney filed a praecipe but did not pay the sheriff's fee because she didn't think it was necessary. As a result, the sheriff did not serve the writ. The court held that this was not the same as having the issuance of the writ held, and concluded that the statute of limitations was tolled by filing the praecipe.

In Anderson v. Bernhard Realty Sales Co., Inc., 230 Pa. Superior Ct. 21, 329 A. 2d 852 (1974), the plaintiff filed a praecipe for a writ of summons but failed to deliver the writ to the sheriff for service. The court held that nonethless the statute of limitations was tolled by filing the praecipe. In speaking for the majority, Judge Jacobs said at page 24:

"Rule 1007 of the Pennsylvania Rules of Civil Procedure states: 'An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons. . . .' No further action of a plaintiff is required under Rule 1007 to commence an action. The filing of a praecipe for a writ of sum-

---

1. There are numerous lower court decisions involving this issue: DeChene v. Gibson, 52 D.&C.2d 651 (Warren Co., 1970); Kovalcik v. G. C. Murphy Co., 53 D.&C.2d 402 (Washington Co., 1971); Brua v. Bruce-Merrilees Electric Co., supra. None of them reached the result requested by the defendant here. Further, it is interesting to note that the decision in Bittler v. Rocco Bono Equipment Rentals, supra, nullifying the effect of the original filing, benefitted the plaintiff and not the defendant.

mons is sufficient to toll the statute of limitations for an amount of time measured by the original statutory period (in this case 2 years) irrespective of whether the prothonotary issues the writ or the sheriff serves it. . . Our review of the law convinces us that there have been no decisions since the adoption of Rule 1007, effective January 1, 1947, which require a plaintiff to deliver the writ of summons to the sheriff in order to toll the statute of limitations. On the contrary, it has been held that the statute is tolled by the filing of a praecipe for a writ of summons regardless of whether the plaintiff delivers the writ to the sheriff . . .

"The defendants have also argued that appellant's failure to deliver the writ to the sheriff for service is tantamount to ordering the sheriff to 'hold' the writ. A 'hold' order to the sheriff or prothonotary has been held to nullify the filing of the praecipe and the statute of limitations would continue to run. McCrystal v. Berczel, 8 Mercer 75 (1965). See Peterson v. Philadelphia Suburban Transp. Co., 435 Pa. 232, 255 A. 2d 577 (1969). However, we do not equate appellant's failure to deliver the writ to the sheriff with the affirmative 'hold' orders found in McCrystal and Peterson."

It is clear from the foregoing discussion that except for the presence of the word "Hold" on the praecipe, the initial action of the plaintiff would have tolled the statute of limitations. The identity of the scrivener is unrevealed and the record is silent as to the reason for the note. Under these circumstances and in light of the decisions in Donahey and Anderson, supra, we feel that a decision in this case that would deprive plaintiff of her day in court would be unwarranted. See Sorgini v. Porter, 48 D. & C. 2d 305 (Montgomery Co., 1970).

In a belated answer to new matter, plaintiff avers that the release pleaded by the defendants was not intended to bar recovery for her *personal* injuries, which were still undiscovered at the time of the release. Inasmuch as a release is effective only to the extent of "those matters which may be fairly said to have been within the contemplation of the parties when the release was given,": Restifo v. McDonald, 426 Pa. 5, 9, 230 A. 2d 199 (1967), disposition of this case depends on a disputed issue of fact, and judgment on the pleadings may not be entered.

### ORDER

Now, September 2, 1975, defendants' motion for judgment on the pleadings is overruled and the petition dismissed.