## Bierkamp v. Philadelphia

*Herman Bloom*, for plaintiffs.
*Manfred Farber*, for defendant.

JAMISON, *J.*, May 23, 1979—Additional defendant, Daniel J. Keating Co., has filed prelimi-

nary objections in the nature of a motion to strike the complaint of defendant, City of Philadelphia.

Plaintiffs, Robert and Pauline Bierkamp, filed a complaint in trespass on February 22, 1978, against defendant, City of Philadelphia, seeking recovery for injuries sustained when Robert Bierkamp fell while working as a carpenter on the roof of the new Pennsylvania Hall of the Civic Center on September 13, 1977.

On July 12, 1978, plaintiffs, Robert and Pauline Bierkamp, and defendant, City of Philadelphia, filed a stipulation to join additional defendants nunc pro tunc with the prothonotary. The stipulation stated:

"It is hereby stipulated and agreed by and among all counsel of record that the City of Philadelphia be granted leave to join as additional defendants nunc pro tunc the following: Philip Cinquina, J. J. White, Inc., Daniel J. Keating Co., Corbits, Inc., Eder Electrical Co.

"The reason for the late joinder is that the City of Philadelphia has only recently determined the proposed additional defendants' responsibility for the cause of action complained upon.

"WITHOUT PREJUDICE TO ADDITIONAL DEFENDANTS' RIGHT TO TIMELY OBJECT." The stipulation was approved by Gelfand, J., on December 11, 1978.

On March 2, 1979, the City of Philadelphia filed a defendant's complaint against those parties named in the stipulation. The City of Philadelphia alleged that because the additional defendants, as plaintiff's employer or agents of plaintiff's employer, had exclusive possession and control of the situs of the alleged accident, any unsafe condition was due solely to their negligence.

Additional defendant, Daniel J. Keating Co., argues that defendant, City of Philadelphia, failed to comply with Pa.R.C.P. 2253 by not filing a petition alleging good cause for the delay in joining additional defendants.

Rule 2253 of the Pennsylvania Rules of Civil Procedure provides: "Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Plaintiffs' contention that the court-approved stipulation entered into by plaintiff and defendant is a court-ordered extension of time for joining an additional defendant is well founded. See Peterson v. Philadelphia Suburban Transportation Co., 56 Del. Co. 199 (1968), aff'd. on other grounds 435 Pa. 232, 255 A. 2d 577 (1969).

Plaintiffs' allegation that cause was shown in the stipulation for the allowance of an extension of time for the defendant to join an additional defendant is meritorious. In Zakian v. Liljestrand, 438 Pa. 249, 256, 264 A.2d 638 (1970), the Pennsylvania Supreme Court explained that Rule 2253 is an "attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties . . . without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation." The question of whether good cause is shown is a matter within the discretion of the trial court.

The cause relied on by defendant, as stated in the stipulation, is that the City of Philadelphia had "only recently determined the proposed additional

defendants' responsibility for the cause of action complained upon." The docket entries support the reason given. On March 14, 1978, defendant served interrogatories on plaintiff. The answers to these interrogatories were not filed until April 3, 1979. Plaintiffs' interrogatories, which included a question as to the city's ownership of the property on which the alleged accident occurred, were filed on April 19, 1978. Defendant's answer to the interrogatories stating that the property was owned by the Commonwealth of Pennsylvania was filed on July 12, 1978. On the same day, the stipulation to extend the time to join additional defendants was filed. It can be inferred that defendant exercised diligence in investigating the question of possession and control of the situs of the alleged accident and then sought court approval through a stipulation to join additional defendants.*

Additional defendant has not alleged any undue prejudice by the late joinder. Therefore, in order to avoid a multiplicity of suits by adjudicating in one action all the rights and liabilities of all parties to a single transaction, additional defendant's motion to strike will not be granted.

## ORDER

And now, May 23, 1979, it is hereby ordered that additional defendant, Daniel J. Keating Co.'s preliminary objections in the nature of a motion to strike defendant's complaint are dismissed.

---

*Pa.R.C.P. 248 provides: "The time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of court."