525 A.2d 1286

City of Pittsburgh, a municipal corporation, Appellant *v.* William Ondeck, Appellee.

Argued March 23, 1987, to Judges CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*John George Shorall, II,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellant.

*John M. Kish, Kish, Kish* & *Yarsky,* for appellee.

OPINION BY JUDGE CRAIG, May 22, 1987:

This appeal by the City of Pittsburgh concerns its efforts to obtain an in personam judgment against appellee property owner William Ondeck.

Following the city's condemnation of a dwelling on May 10, 1983, and notice to the appellee as record owner of that property, the city contracted with a private demolition company, the lowest bidder, to raze the condemned structure at a cost of $2,995. On August 18, 1983, the contractor completed the demolition.

In the Court of Common Pleas of Allegheny County, the city then filed a pleading captioned "Complaint in Assumpsit" at G. D. 83-19389. However, the city did not have that first complaint served upon the property owner.

Section 3 of the Act of May 13, 1915, P. L. 297 (1915 Act), cited by the city in its pleading at G. D. 83-19389, provides:

> In case any owner, agent, or occupant does not remove or remedy a building or structure, or part thereof, or remove or remedy dangerous conditions, as ordered by the said department, and does not appeal to the court of common pleas in such cases as appeals are provided for, the said department may remove or remedy, or cause to be removed or remedied, the building or structure, or part thereof, or the dangerous condition, at the expense of the city; *the cost thereof to be recovered by the city from said owner or occupant, in an action of law,* in the court of common pleas; and when such suit, with statement of claim, with description of the premises, is filed by the city, *the prothonotary shall index it upon the judgment docket, and the city shall have a lien for the amount of said claim against the said premises.*

53 P. S. §25094 (emphasis added).

Based on that authority, the first paragraph of the city's complaint[1] directed the prothonotary to enter in

---

[1] Although 53 P. S. §25094 refers to the filing of a "statement of claim," consistent with section 2 of the Act of March 30, 1925, P. L. 85, *as amended, formerly* 12 P. S. Appendix, which had provided that, "[p]leadings shall consist of plaintiff's statement of claim . . . ," the original pleading is, of course, now a "complaint." *See* Pa. R. C. P. No. 1017(a), which provides, "[t]he pleadings in an action are limited to a complaint. . . ."

the In Rem Judgment Index, a lien against the owner of record in the sum of $2,995. The pleading then set forth, under the subtitle, "COMPLAINT," averments that the city claims of William Ondeck, as the owner of the subject property, the sum of $2,995 for his refusal to reimburse the city for the costs of razing the structure after the city determined that the unremedied condition of the property constituted a public danger. The city further averred that it had solicited bids for that project, had awarded a contract for the stated amount, and that the demolition had been completed on August 18, 1983.

The prothonotary did in fact place upon the General Docket, at No. 19389, the notation,

Complaint in Assumpsit
Returnable Dec. 16, 1983
5th Wd. Pgh.
Judg. entered against deft.
in the amount of $2995.00
Notice mailed 11-16-83.

Notwithstanding that entry, on February 9, 1984, the city filed another Complaint in Assumpsit, at Arbitration Docket No. 1134-84, seeking the recovery of $2,995 from William Ondeck for the costs of razing the condemned structure on his property. That complaint was personally served upon the property owner, and following a hearing, a board of arbitrators found in favor of the city and awarded the amount of $2,995. On appeal to the Court of Common Pleas of Allegheny County, the trial judge dismissed the city's complaint and denied the city's motion for post-trial relief.

The trial judge concluded that, solely by virtue of the *first* complaint at G. D. 83-19389, and the docket entry which followed, the city had already secured a judgment in personam, as well as a judgment in rem against the property owner. He stated:

In the proceeding at No. G. D. 83-19389, the
City received all the relief against the defendant

to which it is entitled, to-wit, a lien against the property (the in rem relief) and a judgment against the defendant for the amount that it requested (the in personam relief). The City is entitled to no more.

In this appeal from that decision, the city seeks to clarify whether it may simultaneously seek a judgment in rem against the property, and also a judgment in personam against the property owner, as it apparently sought to do through the two-pronged action filed at G.D. 83-19389.

The city apparently filed the second action, the Complaint in Assumpsit at 1134-84, as a precaution in the event that the first action was ineffective to secure a judgment against the property owner personally.

A municipality may resort to both a judgment in rem and a judgment in personam to satisfy a municipal claim. Section 251 of the Municipal Claims and Liens Act[2] (1923 Act) provides:

*In addition to the remedies provided by law for the filing of liens for the collection of municipal claims, including* but not limited to water rates, sewer rates and *the removal of nuisances, all cities,* boroughs, incorporated towns, townships and bodies corporate and politic created as municipal authorities pursuant to law *may proceed for the recovery and collection of all of the foregoing claims by action of assumpsit against the person or persons who were the owner or owners of the property at the time of the completion of the improvement,* or at the time the water or sewer rates or the cost of the removal of nuisances first became payable *notwithstanding the fact that there was a failure on*

---

[2] Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. §7251.

*the part of any such city,* borough, township, or body politic and corporate created as a municipal authority pursuant to law, or its agents, *to enter any such municipal claim as a lien against the property assessed* for the improvement, or for the furnishing of water or sewer services and *for the removal of nuisances and for the recovery of which the action of assumpsit was brought.*

53 P.S. §7251 (emphasis added).

A city ordinance provision consistent with that authority, section 101.13 of the Pittsburgh Code, provides:

Upon failure of any property owner to pay any costs, charges or expenses required by any provision of this Code, the appropriate director or City Treasurer is authorized to file a lien for such costs. A lien is authorized where the City performs work that the property owner is required to perform and has failed to do. In addition, the City may recover such costs by an action at law or in equity.

PITTSBURGH CODE §101.13 (1979).

By stating its claim in the first complaint filed at G.D. No. 83-19389, and including the information required by section 10 of the 1923 Act,[3] the city secured a *lien against the property.*[4]

---

[3] 53 P.S. §7144. That section provides that the claim shall set forth:

1. The name of the municipality by which filed;

2. The name of the owner of the property against which it is filed;

3. A description of the property against which it is filed;

4. The authority under . . . which . . . the work was done.

5. [T]he date of completion of the improvement.
. . . ;

However, because the city did not serve that first complaint upon the owner of the property, that action could not support a judgment in personam. In *Peterson v. Philadelphia Transportation Co.*, 435 Pa. 232, 239-40, 255 A.2d 577, 581 (1969), the Supreme Court stated:

> It is basic to our whole system of the trial of lawsuits that service of process be made, and timely made. Normally, in actions *in personam*, the service must be personal service or an authorized substitute therefor. The fundamental and indispensable nature of the service requirement permeates the decisional and statutory law of this Commonwealth, and needs no demonstration here.

*See* Pa. R.C.P. No. 400-405, 410(a).

---

6. If filed to the use of a contractor, the date of, and parties to, the contract for doing said work; and

7. In other than tax claims, the kind and character of the work done for which the claim is filed, and, if the work be such as to require previous notice to the owner to do it, when and how such notice was given.

Said claim shall be signed by, or have stamped thereon a facsimile signature of, the solicitor or chief executive officer of the claimant, or the chief of its delinquent tax bureau, except that, in counties of the second class, said claim or claims for county taxes, levies or assessments shall be signed by, or have stamped thereon a facsimile signature of, the county controller; and, in the case of a use-plaintiff, must be accompanied by an affidavit that the facts therein set forth are true to the best of his knowledge, information, and belief.

[4] According to section 4 of the 1923 Act, 53 P.S. §7107, "[t]he lien for the removal of nuisances shall exist in favor of, and the claim therefor may be filed against the property from which it is removed, or by which it is caused, by, any municipality by or for which the nuisance is removed."

Therefore, because the complaint which accompanied the city's request that the prothonotary place a lien upon the In Rem Judgment Index was effective only to secure a judgment in rem, the city might well refrain from captioning the complaint as one in "Assumpsit."[5] Additionally, rather than claiming the costs of improvement against the "property owner" in such an in rem proceeding, the city more accurately should make its claim against "the described property of" the named property owner.

Although the city's first "Complaint in Assumpsit" was ineffective to secure a judgment in personam against the property owner, the second complaint, filed at No. 1134-84 and personally served upon the defendant property owner, obtained personal jurisdiction. Therefore, the judgment against the defendant property owner in the amount of $2,995, rendered after hearing by a panel of arbitrators, effected a valid judgment in personam.

In *Philadelphia, to use v. DeArmond,* 63 Pa. Superior Ct. 436, 443 (1916), under a similar statute, the court stated:

> The filing of the [lien] was not an action for its recovery, the defendant was not required to answer or do anything concerning it, it did not invoke the jurisdiction of the court to enter any judgment or decree. . . . The claim was a lien upon the property before it was filed in the Common Pleas and it continued to be a lien af-

---

[5] Additionally, Pa. R.C.P. No. 1001(b)(1), which abolishes the procedural distinctions between forms of action in assumpsit and trespass, also eliminates the caption "Complaint in Assumpsit." It provides:

> All claims heretofore asserted in assumpsit or trespass shall be asserted in one form of action to be known as 'civil action'.

ter it was filed, the filing merely preserved the status quo. The defendant was still free to challenge the validity of the claim in any action for its recovery, whether in rem or assumpsit which the municipality might institute.

In that case, the Superior Court also held that the city's initial resort to a lien did not constitute an election barring later action for a personal judgment against the property owner.[6]

Accordingly, the decision of the trial court is reversed.

### ORDER

Now, May 22, 1987, the order of the Court of Common Pleas of Allegheny County at 1134 A.R. 1984, dated April 10, 1986, is reversed.

---

[6] There appears to be no reason why the city could not initiate both the in rem and in personam proceedings in the same action, provided that, as to the latter, the city obtains personal jurisdiction by service of the complaint upon the property owner.